**Alvin K. WALKER, Petitioner–Appellant,**

v.

**Marvin D. MORRISON, Warden, Respondent–Appellee.**

**No. 00–6543.**

United States Court of Appeals, Sixth Circuit.

June 15, 2001.

Before KEITH, SILER, and CLAY, Circuit Judges.

Alvin Walker appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In June 1994, Walker was tried in the United States District Court for the Western District of Tennessee and found guilty of two counts of conspiracy to possess with intent to distribute cocaine and aiding and abetting possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). The district court sentenced Walker to two concurrent 108 month terms of imprisonment, to be followed by five years of supervised release. The Sixth Circuit affirmed Walker's conviction and sentence.

Thereafter, Walker filed an unsuccessful motion to vacate sentence in which he claimed that: 1) his conviction was not

supported by sufficient evidence; 2) the district court misapplied the obstruction of justice enhancement to his offense level; and 3) the federal courts lacked jurisdiction of his offense because it was a state crime and state officers arrested him. The district court denied Walker's motion. *United States v. Walker*, No. 96–3129 (W.D.Tenn. Feb. 26, 1997). The Sixth Circuit denied Walker a certificate of appealabilty. *Walker v. United States*, No. 97–5404 (6th Cir. Nov. 5, 1997), *petition for recon. denied* (6th Cir. Feb. 6, 1998).

In his current § 2241 habeas corpus petition filed in February 2000, Walker asserts that he is actually innocent and challenges the indictment as defective, as it did not charge him with a crime that was committed with an adequate nexus to interstate commerce. The district court noted that the petition should be dismissed for want of jurisdiction because Walker is confined in Arkansas. A petition for habeas corpus under § 2241 must be filed in the district court having jurisdiction over the petitioner's custodian, and the Western District of Tennessee is not that jurisdiction. Alternatively, the district court considered transferring Walker's petition to the proper court, but rejected that idea because it would merely result in the Eastern District of Arkansas being needlessly afflicted with a frivolous habeas petition and would not be in the interest of justice inasmuch as Walker was not entitled to relief under § 2241, because he was improperly seeking to challenge the imposition of his sentence under § 2241. Accordingly, the district court dismissed Walker's petition and Walker has filed a timely appeal from that judgment. Walker moves the court for leave to proceed in forma pauperis.

This court reviews de novo a district court judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999). Such review reveals that the district court properly dismissed Walker's petition.

Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles*, 180 F.3d at 755–56. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *See id.* at 756.

Upon review, we conclude that Walker has not met his burden to prove that his § 2255 remedy is inadequate or ineffective. Accordingly, Walker's motion to proceed in forma pauperis is granted and the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the district court's order of October 31, 2000.