Alvin **WALKER**, Petitioner–Appellant,

v.

John **ASHCROFT**, Respondent–Appellee.

No. 02–6142.

United States Court of Appeals, Sixth Circuit.

April 1, 2003.

Before: BATCHELDER and ROGERS, Circuit Judges; and BARZILAY, Judge.*

## ORDER

Alvin Walker appeals a district court judgment that dismissed his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a jury trial in the district court in 1994, Walker was convicted of conspiracy to possess with intent to distribute cocaine and one count of aiding and abetting possession with intent to distribute cocaine. Walker was sentenced to 108 months of imprisonment and five years of supervised release. This court affirmed the convictions and sentence on direct appeal. *United States v. Walker,* No. 94–6293, 1995 WL 424411 (6th Cir. July 18, 1995). Thereafter, Walker filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Alabama where Walker was incarcerated. That court construed the petition as a motion to vacate Walker's sentence pursuant to 28 U.S.C. § 2255 and transferred the motion to the district court. After the district court denied the motion, this court denied Walker a certificate of appealability.

Next, Walker filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district court, alleging as grounds for relief that: (1) he received ineffective assistance of counsel; and (2) his indictment was defective. The district court transferred the case to this court as an application for leave to file a second or successive motion to vacate sentence and admonished Walker that sanctions might be imposed if he filed further actions to challenge his convictions. However, this court transferred the case back to the district court for treatment as a § 2241 petition and concluded that sanctions were not yet warranted against Walker, but agreed that sanctions might be appropriate in the future. *In re: Walker,* No. 00–5262, 2000 WL 1517155 (6th Cir. Aug.4,

---

* The Honorable Judith M. Barzilay, United States Court of International Trade, sitting by designation.

2000). Thereafter, the district court dismissed Walker's petition as meritless and again warned Walker that sanctions may be imposed in the future, and this court affirmed the district court's judgment on appeal. *Walker v. Morrison,* 13 Fed. Appx. 316 (6th Cir.2001).

Undaunted, Walker filed the instant action, which the district court construed as another petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The district court dismissed the petition as meritless and imposed a $150.00 sanction because Walker raised baseless challenges to his convictions and sentence. Walker filed a timely notice of appeal. On appeal, Walker contends that the district court violated his constitutional rights in dismissing his petition, failing to appoint counsel to represent him, and in imposing sanctions against him.

Upon de novo review, *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999), we affirm the judgment for the reasons stated by the district court in its order denying petition filed August 1, 2002.

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.