Namon Jeffery TAYLOR, Petitioner–Appellant,

v.

Marvin D. MORRISON, Warden, Respondent–Appellee.

No. 00–6731.

United States Court of Appeals, Sixth Circuit.

June 20, 2001.

Before BOYCE F. MARTIN, JR., Chief Judge; NORRIS, Circuit Judge; QUIST, District Judge.*

Namon Jeffery Taylor, a pro se federal prisoner, appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, Taylor pleaded guilty to two counts of possessing with intent to distribute cocaine within 1,000 feet of a housing facility owned by a public housing authority in violation of 21 U.S.C. §§ 841(a) and 860(a). The district court sentenced Taylor to 188 months of imprisonment and six years of supervised release, and the court imposed a $100 special assessment. The Sixth Circuit affirmed his conviction and sentence. In October 1998, Taylor filed a motion to vacate his sentence under 28 U.S.C. § 2255, in which he claimed that his sentence was too harsh. The district court denied Taylor's motion as frivolous and denied him a certificate of appealability. Taylor did not appeal.

In his current § 2241 habeas corpus petition filed in October 2000, Taylor claimed that: 1) the district court lacked jurisdiction of his prosecution; and 2) he is actually innocent. The district court noted that the petition should be dismissed for want of jurisdiction because Taylor is confined in Arkansas. A petition for habeas corpus under § 2241 must be filed in the district court having jurisdiction over the petitioner's custodian, and in this case, the Western District of Tennessee is not that jurisdiction. Alternatively, the district court considered transferring Taylor's petition to the proper court, but rejected that idea because it would merely result in the Eastern District of Arkansas being needlessly afflicted with a frivolous habeas petition and would not be in the interest of justice inasmuch as Taylor was not entitled to relief under § 2241 because he was improperly seeking to challenge the imposition of his sentence under § 2241. Thus, the district court dismissed Taylor's petition. Taylor moves for leave to proceed in forma pauperis on appeal.

The appellate court renders de novo review of a district court judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999).

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

Such review reveals that the district court properly dismissed Taylor's petition.

Accordingly, Taylor's motion for leave to proceed in forma pauperis is granted, and the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the district court's order of November 7, 2000.