**Christopher BLEVINS, Petitioner–Appellant,**

**v.**

**John LAMANNA, Warden, Respondent–Appellee.**

**No. 01–3026.**

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2001.

Before MOORE and COLE, Circuit Judges; ROSEN, District Judge.*

---

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

Christopher Blevins, a federal prisoner proceeding pro se, appeals a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Blevins challenges a prison disciplinary conviction that deprived him of good time credits. While imprisoned at the Federal Prison Camp Seymour Johnson on February 9, 2000, Blevins was charged, *inter alia,* with possession of marijuana. Blevins was served with a copy of the incident report on February 14, 2000. In the report, the Education Specialist, David Holt, alleged that he smelled an odor resembling marijuana as he was leaving the greenhouse. As he approached, Holt saw Blevins toss something into the creek. Holt states that he retrieved "a green leafy [sic] rolled in paper." He claims that the substance was tested and identified as marijuana. After Blevins was pat searched, a butane lighter was recovered from his coat pocket. A urinalysis was also conducted on Blevins, which tested negative for marijuana.

Following a hearing before the "Unit Disciplinary Committee," Blevins was placed in administrative detention pending further proceedings by the Disciplinary Hearing Officer ("DHO"). The DHO returned the incident report on March 9, 2000 for corrections (*i.e.,* change Offense Code references to 113 and 305, in lieu of 112 and 305). Blevins was served a corrected incident report on March 13, 2000 and a second hearing was conducted on March 15, 2000. After a DHO hearing was held on March 16, 2000, Blevins was found guilty of the charged conduct and 27 days of good time credit were taken from him.

Blevins claims in his petition that his due process rights were violated at the disciplinary proceeding because he was denied the right to call witnesses on his behalf and because the evidence did not support the guilty verdict reached by the disciplinary board. The district court dismissed the petition pursuant to 28 U.S.C. § 2243. This timely appeal followed.

This court reviews de novo a district court judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). Such review reflects that the district court properly dismissed Blevins's petition.

We note that a liberty interest was implicated as Blevins suffered a loss of 27 days of good time credit as a result of being found guilty of the misconduct charge. *See Sandin v. Conner,* 515 U.S. 472, 483, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Wolff v. McDonnell,* 418 U.S. 539, 556–57, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Nevertheless, the defendant complied with due process in sentencing Blevins to disciplinary segregation and revoking his credits. When a prisoner faces the loss of good time credits, due process requires that a prisoner receive the following hearing rights: 1) written notice of the hearing at least 24 hours in advance; 2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and 3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Wolff,* 418 U.S. at 563–67. Further, some evidence must exist to support the disciplinary conviction. *See Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 455–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). We have thoroughly reviewed Blevins's brief, the record on appeal, and the district court's order.

Because Blevins has received all the process he was due, we affirm for substantially the reasons set forth in the district court's order of dismissal.

Finally, Blevins's contention that the district court erred in denying his petition in a summary fashion is without merit. Under 28 U.S.C. § 2243, the district court may summarily dismiss a petition if it appears that petitioner is not entitled to relief. *Cf.* Rule 4, Rules Governing Section 2254 Cases; Rules Governing Section 2255 Cases. Here, the district court correctly concluded that the instant petition is without merit on its face.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.