**Celeste Leone BUDROW,
Petitioner–Appellant,**

v.

**Jon P. MCCALLA, Respondent–
Appellee.**

No. 01–5080.

United States Court of Appeals,
Sixth Circuit.

Aug. 10, 2001.

Before KEITH, NORRIS, and BATCHELDER, Circuit Judges.

This pro se federal prisoner appeals a district court judgment dismissing her petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, and dismissing her complaint for declaratory relief filed pursuant to 28 U.S.C. § 2201. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Celeste Leone Budrow is a criminal defendant accused of conspiring to defraud the United States in violation of 18 U.S.C. § 371. Her criminal prosecution is docketed under number 00–20020 in the United States District Court for the Western District of Tennessee. In that case, the district court released Budrow on bond.

In essence, Budrow claimed that the conditions of the district court's order releasing her on bond, and the district court's appearance orders, threaten her life because they preclude her from undergoing necessary surgery for a severe medical condition. More specifically, Budrow contended that a writ of habeas corpus should issue because the district court judge presiding over her criminal prosecution: 1) improperly required her to appear in court for various hearings and report dates; 2) interfered with her desire to obtain counsel of her choice; and 3) improperly threatened her with contempt if she did not appear as required by various court orders. Budrow named United States District Court Judge Jon P. McCalla as the respondent in her petition.

The district court dismissed Budrow's petition for habeas relief after determining that the conditions governing Budrow's release are governed by the Bail Reform Act, 18 U.S.C. §§ 3141–56. To the extent that Budrow asserted non-habeas claims under 28 U.S.C. § 2201, the district court dismissed the complaint as frivolous pursuant to 28 U .S.C. § 1915(e)(2)(B)(i) and Fed.R.Civ.P. 12(h)(3). Budrow appeals that judgment and essentially reasserts the claims that she set forth in the district court. She seeks to be released from her pending charges and the jurisdiction of the district court in order to receive the medical attention she desires. Budrow also casts aspersions on the authorship of the district court's opinion and claims to have been denied due process of law because her case was assigned to a law clerk or staff attorney.

The appellate court reviews de novo a district court judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). Such review reveals that the district court properly dismissed Budrow's petition. The court also reviews de novo a dismissal as frivolous under § 1915(e)(2)(B). *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). A district court properly dismisses a complaint as frivolous when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Such review reveals that the district court properly dismissed Budrow's complaint for declaratory relief. Budrow's remaining claim regarding the authorship of the district court's opinion does not warrant discussion.

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the district court's order of dismissal dated November 28, 2000.