Charlie JONES, Petitioner–Appellant,

v.

John J. LAMANNA, Respondent–Appellee.

No. 01–3733.

United States Court of Appeals, Sixth Circuit.

Oct. 26, 2001.

**400**

Before BOGGS and GILMAN, Circuit Judges; QUIST, District Judge.*

*ORDER*

Charlie Jones, a pro se federal prisoner, appeals from a district court order denying Jones's petition for a writ of habeas corpus. *See* 28 U.S.C. § 2241. Jones also moves for in forma pauperis status. *See* Fed. R.App. P. 24(a). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, Jones was convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g). He was subjected to an armed career criminal enhancement under § 924(e) and received a sentence of 192 months in prison. His conviction was affirmed on appeal, and his subsequent motion to vacate was denied.

In his § 2241 petition, Jones claimed that the convictions underlying his armed career criminal enhancement were not established at trial. Jones cited the Supreme Court case of *Taylor v. United*

*States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), in support of his claim. The district court denied the petition on the ground that Jones had not shown that his remedy under 28 U.S.C. § 2255 was inadequate or ineffective.

In *Charles v. Chandler,* 180 F.3d 753 (6th Cir.1999), this court held that a federal prisoner must normally use § 2255 to attack his conviction, and it is an open question in this circuit whether an actual innocence exception exists to show that the § 2255 remedy is inadequate or ineffective. *See* 28 U.S.C. § 2255, fifth ¶; *Charles,* 180 F.3d at 755–57. This court noted that the only currently-recognized instance where the § 2255 remedy is inadequate or ineffective is based on the Supreme Court case of *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). So the actual innocence exception would require a retroactively-applicable Supreme Court case which establishes that the petitioner may have been found guilty of a non-existent offense. *See Reyes–Requena v. United States,* 243 F.3d 893, 904 (5th Cir.2001).

Jones's claim relies on *Taylor v. United States,* a case decided before Jones was convicted. Therefore, Jones's claim does not provide a *Bailey*-type exception. Moreover, a claim based on *Taylor* does not show that Jones may have been found guilty of a non-existent offense. Therefore, Jones has not shown that his remedy under § 2255 was inadequate or ineffective.

The motion for in forma pauperis status is granted for the limited purpose of deciding this appeal, and the order of the dis-

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

trict court is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

Before SUHRHEINRICH and COLE, Circuit Judges; COLLIER, District Judge.*