Andrew STEPHENS, Appellant,

v.

UNITED STATES of America and Willie Scott, Warden, FCI Atlanta, Appellees.

No. 01–5129.

United States Court of Appeals, District of Columbia Circuit.

Oct. 29, 2001.

Before ROGERS and TATEL, Circuit Judges; WILLIAMS, Senior Circuit Judge.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on appellant's brief. The court has determined that the issues presented occasion no need for an opinion. *See* Fed. R.App. P. 36; D.C.Cir. Rule 36(b). It is

ORDERED AND ADJUDGED that the district court's judgment be affirmed. Appellant's petition challenges the validity of his conviction and sentence. Therefore, it is cognizable under 28 U.S.C. § 2255, and may only be filed in the sentencing court— the United States District Court for the Northern District of Georgia. *See Charles v. Chandler,* 180 F.3d 753, 755–56 (6th Cir.1999) (per curiam) (collecting cases). Because appellant previously filed a § 2255 petition, appellant should have filed a motion for leave to file a second or successive § 2255 petition in the United States Court of Appeals for the Eleventh Circuit. 28 U.S.C. § 2255. Appellant did not argue to the district court, nor in his brief, that § 2255 affords him an "inadequate or ineffective" remedy, and therefore, that his petition falls within the "savings clause" of § 2255.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.