James **CHARLES**, Petitioner–Appellant (98–5747), Movant (98–0539),

v.

Ernest V. **CHANDLER**, Warden, Respondent–Appellee.

Nos. 98–5747, 98–0539.

United States Court of Appeals, Sixth Circuit.

Submitted June 17, 1999.

Decided June 18, 1999.

a violation of any due process right to select and pursue their vocations. *See id.* at 1296.

Cheryl J. Sturm (briefed), Westtown, Pennsylvania, for Petitioner–Appellant, Movant.

Mason Moore Kessinger, Assistant U.S. Attorney (briefed), Office of the U.S. Attorney, Lexington, Kentucky, for Respondent–Appellee.

Before: BOGGS, NORRIS, and BATCHELDER, Circuit Judges.

## OPINION

PER CURIAM.

In case no. 98–5747, James Charles appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. Per an order of transfer by the district court, in case no. 98–0539, Charles moves the court pursuant to 28 U.S.C.A. §§ 2244, 2255 (West 1998) for an order authorizing the district court to consider a successive motion to vacate under 28 U.S.C. § 2255. Counsel have waived oral argument in the appeal pursuant to Sixth Circuit Rule 34(j)(3). Upon review, we unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Pursuant to a written plea agreement, Charles was convicted in July of 1993 of

conspiracy to possess with intent to distribute and distribution of cocaine and marijuana in violation of 21 U.S.C. § 846. He was sentenced to 78 months of imprisonment and 4 years of supervised release. This court affirmed his conviction and sentence on appeal, rejecting his challenge to a sentencing· enhancement for possession of a firearm under USSG § 2D1.1(b)(1). Thereafter, with the aid of new counsel, Charles sought to attack his conviction and sentence in a § 2255 motion to vacate, claiming that: 1) he had entered an invalid guilty plea because the district court did not address him personally and ensure that he understood the elements and nature of the charges and because the prosecutor coerced his plea by threatening to indict an innocent relative and by declining to extend leniency to his wife; and 2) he received ineffective assistance of counsel because counsel did not inform the trial court of the prosecutor's misconduct. The district court denied the motion to vacate on the merits and denied Charles a certificate of probable cause in the same order. This court likewise denied Charles a certificate of appealability on appeal.

With the aid of the same counsel, Charles next filed his present § 2241 habeas corpus petition, raising the same claims that he asserted in his § 2255 motion to vacate and in his application for a certificate of appealability. Upon review, the district court dismissed the habeas petition because Charles sought to challenge his conviction under § 2241, and yet he had not established that his relief under § 2255 was inadequate or ineffective. Construing the petition as a § 2255 motion to vacate as well, the court transferred the case to this court pursuant to *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997) (per curiam), so it could consider the file as a § 2244(b)(3) application for permission to file a successive § 2255 motion to vacate. This court stayed consideration of the § 2244(b)(3) application until it ruled on Charles's appeal in case no. 98–5747.

In his timely appeal, Charles argues that his remedy under § 2255 is inadequate and ineffective because the district court departed from established precedent and denied him relief under § 2255 without providing him a fair opportunity to prove the merits of his claims. Charles additionally argued in the district court that his remedy is inadequate and ineffective because his § 2241 habeas petition could be heard by a different judge who would be impartial to his claims, because he could avoid the successive § 2244 certification procedure by seeking § 2241 relief, and he could obtain review by the Sixth Circuit without needing to obtain a certificate of appealability. Both parties have waived oral argument on appeal.

I.

■ The appellate court renders de novo review of a district court judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *See United States v. Pirro*, 104 F.3d 297, 299 (9th Cir.1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996). Such review reflects that the district court properly dismissed Charles's § 2241 habeas corpus petition.

A.

■ The fifth paragraph of § 2255, the "savings clause," provides that:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Construing this language, courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under

28 U.S.C. § 2255, *see Bradshaw,* 86 F.3d at 166; *Cabrera v. United States,* 972 F.2d 23, 25–26 (2d Cir.1992); *Cohen v. United States,* 593 F.2d 766, 770 (6th Cir.1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *See Bradshaw,* 86 F.3d at 166; *United States v. Jalili,* 925 F.2d 889, 893 (6th Cir.1991); *DeSimone v. Lacy,* 805 F.2d 321, 323 (8th Cir.1986) (per curiam); *Wright v. United States Bd. of Parole,* 557 F.2d 74, 77 (6th Cir.1977).

 Still, pursuant to the "savings clause" in § 2255, a federal prisoner may bring a claim challenging his conviction or imposition of sentence under § 2241, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *Accord United States v. Hayman,* 342 U.S. 205, 223, 72 S.Ct. 263, 96 L.Ed. 232 (1952); *In re Hanserd,* 123 F.3d 922, 929 (6th Cir. 1997); *Pirro,* 104 F.3d at 299. Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, *see In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.1997); *Bradshaw,* 86 F.3d at 166; *Tripati v. Henman,* 843 F.2d 1160, 1162 (9th Cir.), *cert. denied,* 488 U.S. 982, 109 S.Ct. 533, 102 L.Ed.2d 565 (1988); *McGhee v. Hanberry,* 604 F.2d 9, 10 (5th Cir.1979) (per curiam); *Zvonaric v. Mustain,* 562 F.2d 570, 572 n. 1 (8th Cir.1977) (per curiam), or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial,* 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); *Garris v. Lindsay,* 794 F.2d 722, 726–27 (D.C.Cir.) (per curiam), *cert. denied,* 479 U.S. 993, 107 S.Ct. 595, 93 L.Ed.2d 595 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate, *see In re Davenport,* 147 F.3d 605, 608 (7th Cir.1998). It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective. *See DeSimone,* 805 F.2d at 323; *McGhee,* 604 F.2d at 10.

Three circuits have recently permitted a petitioner, who was otherwise barred from filing a second or successive § 2255 motion to vacate, to assert a claim challenging his conviction under § 2241, concluding that the § 2255 remedy was inadequate or ineffective to correct an apparent fundamental miscarriage of justice. *See Davenport,* 147 F.3d at 611–12; *Triestman,* 124 F.3d at 377–80; *Dorsainvil,* 119 F.3d at 251–52. However, it should be noted that the *Davenport, Triestman,* and *Dorsainvil* cases concerned claims made by petitioners in the wake of the Supreme Court's decision in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). *Bailey* addressed the proper interpretation of 18 U.S.C. § 924(c)(1), which punishes anyone who uses or carries a firearm during or in relation to a drug trafficking crime. The Supreme Court in *Bailey* interpreted the "use" prong of the statute narrowly to require active employment of the firearm, an interpretation different from the one that had been adopted by a number of federal appeals courts. *See id.* at 142–43, 116 S.Ct. 501.

As a result, prisoners who had been convicted under an erroneous interpretation of § 924(c)(1), or who thought they had been, collaterally attacked their convictions as inconsistent with *Bailey.* However, the 1996 passage of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, amended § 2255 by adding the following paragraph:

A second or successive motion must be certified ... by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral

review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Since the *Bailey* decision was not a "new rule of constitutional law," prisoners who did not have "newly discovered evidence" but wanted to collaterally attack their convictions as inconsistent with *Bailey* in a second or successive § 2255 petition were effectively barred from doing so by AEDPA. *See Davenport*, 147 F.3d at 608–09; *Triestman*, 124 F.3d at 370–71; and *Dorsainvil*, 119 F.3d at 250–51. The *Davenport*, *Triestman*, and *Dorsainvil* courts permitted such prisoners to circumvent § 2255 using § 2241, on the ground that the § 2255 remedy was "inadequate or ineffective." *See Davenport*, 147 F.3d at 611–12; *Triestman*, 124 F.3d at 377–80; *Dorsainvil*, 119 F.3d at 251–52.

However, in 1998, the Supreme Court handed down its decision in *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). *Bousley* held that a first-time § 2255 petitioner could potentially proceed with a *Bailey*-based attack on his conviction despite not showing cause and prejudice excusing his failure to make the challenge on direct review. *See* 523 U.S. at ——, 118 S.Ct. at 1611. The Court declared that the attack "may still be reviewed in this collateral proceeding if [the petitioner] can establish that [an otherwise forfeited] constitutional error in his plea colloquy has probably resulted in the conviction of one who is actually innocent." *Ibid.* (citation and quotation marks omitted). The Court held that "actual innocence," which "means factual innocence, not mere legal insufficiency," could be demonstrated on remand by the petitioner upon showing that "that he did not 'use' a firearm as that term is defined in *Bailey*." *Id.* at —— – ——, 118 S.Ct. at 1611–12.

*Bousley* makes it clear that the claims made by the petitioners in the *Davenport*, *Triestman*, and *Dorsainvil* cases were really just claims of "actual innocence," and the practical effect of the holdings in those

cases was to permit a petitioner to make a claim of "actual innocence" that was otherwise barred by AEDPA. We do not decide today whether or not a claim of "actual innocence," as described in *Bousley*, might permit a petitioner under certain circumstances to utilize § 2241 as a means of circumventing § 2255's requirements for filing a second or successive habeas petition. However, Charles's claims clearly are not claims of "actual innocence." No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of "actual innocence" to utilize § 2241 (via § 2255's "savings clause") as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions.

As the First Circuit recently observed:

There is only one bite at the post-conviction apple unless a second or successive petition can show one of two things: a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or newly discovered evidence sufficient to establish by clear and convincing evidence, on the whole record, that no reasonable factfinder would have returned a guilty verdict. A claim of actual innocence—defined as factual innocence, not mere legal insufficiency—will have a mechanism for review.

*United States v. Barrett*, 178 F.3d 34, 57 (1st Cir.1999). We agree with the First Circuit, except to the extent that we, as noted earlier, withhold judgment on the question of whether a claim of "actual innocence" will permit a habeas petitioner to have a "second bite at the apple."

### B.

■ The district court properly dismissed Charles's § 2241 habeas corpus petition because Charles again sought to challenge his conviction, and yet he has failed to establish that the remedy afforded under § 2255 is inadequate or ineffective. Simply because a sentencing court

has already denied relief to the petitioner under § 2255 does not render his remedy under § 2255 inadequate or ineffective. *See Dorsainvil,* 119 F.3d at 251; *Bradshaw,* 86 F.3d at 166; *Tripati,* 843 F.2d at 1162; *McGhee,* 604 F.2d at 10; *Zvonaric,* 562 F.2d at 572 n. 1. The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Bradshaw,* 86 F.3d at 166; *McGhee,* 604 F.2d at 10; *Williams v. United States,* 323 F.2d 672, 673 (10th Cir.1963) (per curiam), *cert. denied,* 377 U.S. 980, 84 S.Ct. 1887, 12 L.Ed.2d 749 (1964). The remedy is also not rendered inadequate or ineffective upon Charles's assertions of judicial bias, *see Tripati,* 843 F.2d at 1163, or of his intent to by-pass the prior-approval mechanism under § 2244(b)(3), *see Valona v. United States,* 138 F.3d 693, 694–95 (7th Cir.1998). The requirement that he seek a certificate of appealability adheres to all appeals from judgments denying relief under § 2254 and § 2255 and in no way impairs the authority of the district court to grant the remedy under § 2255.

Finally, the § 2255 remedy is likewise not undermined simply because Charles has allowed the one-year statute of limitations to expire. The one-year period provided him with a reasonable opportunity to file for relief; and if that time period has expired, it is the result of his own doing and not due to any inadequacy in the statute. *See United States v. Logan,* 22 F.Supp.2d 691, 693–94 (W.D.Mich.1998).

Charles was properly denied habeas relief.

## II.

■ Pursuant to 28 U.S.C. § 2255, a federal prisoner cannot file a second or successive § 2255 motion to vacate in the district court unless the prisoner first obtains permission to do so from the court of appeals, pursuant to the certification procedures expressed in § 2244. Pursuant to § 2244(b)(3)(C), the applicant is required to make a prima facie showing that he is entitled to relief before permission to file a second or successive motion can be granted. In addition, pursuant to 28 U.S.C. § 2244(b)(1), if a litigant seeks permission to file the same claims that were filed in a previous application, such claims "shall be dismissed."

Charles is not entitled to file a successive § 2255 motion to vacate because he seeks permission to file the same claims that have already been denied on the merits. *See* § 2244(b)(1). In any event, Charles has not made a prima facie showing of satisfying either one of the two criteria listed in § 2255, as he has not submitted any newly discovered evidence to show clearly and convincingly that he is innocent of his crime, nor does he rely on any intervening Supreme Court decision for relief.

## III.

Accordingly, we AFFIRM the district court's judgment and deny Charles permission to file a successive § 2255 motion.