**Joey James HICKS, Petitioner–Appellant,**

v.

**George E. SNYDER, Warden, Respondent–Appellee.**

No. 00–5081.

United States Court of Appeals, Sixth Circuit.

Jan. 26, 2001.

Before WELLFORD, RYAN, and SUHRHEINRICH, Circuit Judges.

*ORDER*

Joey James Hicks, a pro se federal prisoner, appeals from a district court order denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. Hicks also moves to remand the case to the district court. The appeal has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon consideration, this panel agrees unanimously that oral argument is not needed. *See* Fed. R.App. P. 34(a).

On January 5, 1996, a jury in the United States District Court for the Western District of Wisconsin found Hicks guilty of arson in violation of 18 U.S.C. § 844(i). He was sentenced to 100 months in prison and three years of supervised release. The Seventh Circuit Court of Appeals affirmed his conviction. His request for post-conviction relief was denied on the merits under 28 U.S.C. § 2255.

In his present § 2241 action filed in the United States District Court for the Eastern District of Kentucky, Hicks claimed that the application of a seven year statute of limitations to his arson offense violated the Ex Post Facto Clause. The district court denied the petition on the ground that Hicks had not shown that his remedy under § 2255 was inadequate or ineffective to challenge his detention. *See* § 2255, fifth paragraph.

Upon review, we conclude that the district court properly denied the petition. The remedy afforded by § 2255 is not considered ineffective merely because § 2255 relief has already been denied.

*Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999). It may be true that a claim of actual innocence which could not have been brought in the prior § 2255 action can be heard under § 2241. *Id.* at 757. But Hicks's statute of limitations claim is not a claim of actual innocence. *Id.*

The motion for a remand to the district court is denied, and the order of the district court is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.