**Robert Thomas JENKINS,**
**Plaintiff–Appellant,**

v.

**George SNYDER, Defendant–Appellee.**

**No. 00–5519.**

United States Court of Appeals,
Sixth Circuit.

Jan. 31, 2001.

Before NORRIS, SILER, and BRIGHT,* Circuit Judges.

Robert Thomas Jenkins, a pro se federal prisoner, appeals a district court order denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. In addition, Jenkins moves for in forma pauperis (IFP) status on appeal. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Jenkins is currently serving a 175–month federal sentence at FCI Manchester for multiple firearms violations. He alleged that on April 14, 1999, while serving that sentence, he was illegally transferred to Alabama without being granted 30 days in which to appeal the transfer to the warden in violation of the Interstate Agreement on Detainers (IAD) and his constitutional rights to a speedy trial and due process. He further alleged that, upon his arrival in Talladega County, Alabama, he was forced to plead guilty to a marijuana possession charge and was sentenced to 15 years in prison, to run concurrently to his federal sentence. Jenkins sought immediate release from custody on the grounds that his Alabama conviction and sentence is illegal and the United States waived further custody over him by improperly relinquishing custody for his transfer to Alabama.

The district court denied Jenkins's § 2241 petition in a memorandum opinion and order filed on March 16 and entered on March 17, 2000. The court noted that the IAD's procedural rules apply only to a signatory state that has an outstanding untried indictment, information, or complaint against a person serving a sentence in another signatory state. Contrary to Jenkins's assertion, the record demonstrated that he had, in fact, pleaded guilty to the Talladega County charge on December 13, 1993, but failed to appear for sentencing. Because Talladega County had no outstanding or untried charges against him, but required his return only for sentencing, the IAD was simply never triggered. The district court further found that, for the same reasons, Jenkins failed to make out a constitutional claim against the federal authorities involved in his transfer to Alabama. Finally, the district court found that Jenkins had suffered no injury and, to the extent that he alleged violations of his rights by Alabama author-

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

ities, he had failed to show that he had exhausted his state court remedies.

On appeal, Jenkins argues that: (1) the district court incorrectly concluded that he was not facing pending charges and was thus subject to the protection of the IAD; and (2) he is entitled to immediate release due to the U.S. Bureau of Prisons' failure to comply with the IAD in conjunction with Alabama's failure to comply.

■ Upon review, we affirm the district court's order for the reasons stated therein. This court reviews *de novo* a district court's order denying a § 2241 petition. *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999).

■ Jenkins's entire argument depends upon his contention that he was returned to Talladega County, Alabama, on untried charges. The provisions of the IAD are not triggered until a detainer is filed with the custodial state by another state having *untried* charges pending against the prisoner. *See United States v. Mauro,* 436 U.S. 340, 343–44, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978); *Browning v. Foltz,* 837 F.2d 276, 283 (6th Cir.1988). The record in this case clearly establishes that no detainer relating to untried charges was filed against Jenkins as he had already pleaded guilty in 1993 to the marijuana possession charge; his presence was requested only for sentencing. Jenkins's claim that he faced charges for failure to appear has no support in the record. Thus, the district court properly dismissed Jenkins's IAD issue. Nor did the district court err in concluding that Jenkins had failed to state a federal constitutional claim.

Accordingly, Jenkins's motion for IFP status is granted for the purpose of this review only. The district court's order, entered on March 17, 2000, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.