Floyd Anthony **NORFLEET,**
Petitioner–Appellant,

v.

John **HEMINGWAY,** Respondent–
Appellee.

No. 00–2264.

United States Court of Appeals,
Sixth Circuit.

June 20, 2001.

Before RYAN and COLE, Circuit Judges; MARBLEY, District Judge.[*]

---

[*] The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

Floyd A. Norfleet appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. Norfleet is a federal prisoner proceeding pro se. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In February 1997, Norfleet was convicted in the United States District Court for the Eastern District of Michigan and sentenced to a 135 month term of imprisonment after pleading guilty to conspiracy to possess with intent to distribute and to distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841. The district court ordered that sixty-eight months of the sentence run concurrently with a sentence that Norfleet was already serving and that sixty-seven months run consecutively to that unrelated sentence. Norfleet did not take a direct appeal, but he has filed six other post-conviction motions directed to his conviction and sentence.

In his current habeas corpus petition filed in July 2000, Norfleet claimed that: 1) his sentence violates the Sentencing Guidelines; and 2) legal counsel rendered ineffective assistance by failing to properly appeal his sentence. The district court dismissed the petition, concluding that Norfleet could not challenge the imposition of his sentence under § 2241, because Norfleet had not shown that his remedy under § 2255 was inadequate or ineffective. The district court also transferred the matter to this court for a determination as to whether Norfleet is entitled to file a second or successive motion to vacate sentence. This court denied Norfleet leave to

file a second or successive motion to vacate sentence. *In re Norfleet,* No. 00–1940 (6th Cir. Feb. 1, 2001).

Norfleet reasserts his claims in his timely appeal from the judgment denying his petition for a writ of habeas corpus.

We review de novo a district court judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). Such review reflects that the district court properly dismissed Norfleet's petition.

Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the district court's opinion and order of August 4, 2000.