Shane Patrick FORTINO,
Petitioner–Appellant,

v.

John R. HEMINGWAY, Warden,
Respondent–Appellee.

No. 99–2476.

United States Court of Appeals,
Sixth Circuit.

Aug. 7, 2001.

Before BOGGS and DAUGHTREY, Circuit Judges; WEBER, District Judge .*

Shane Patrick Fortino, a federal prisoner proceeding through counsel, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Fortino was convicted of transporting child pornography in interstate commerce by means of a computer in violation of 18 U.S.C. § 2252(a)(1). Fortino was sentenced to serve twenty-seven months of imprisonment plus two years of supervised release. During his incarceration, Fortino successfully completed the institutional portion of a 500–hour residential substance abuse treatment program in order to be considered for early release in accordance with the provisions of 18 U.S.C. § 3621(e)(2)(B). Section 3621(e)(2)(B) permits the Federal Bureau of Prisons ("BOP") to reduce the sentences of prisoners, who have been convicted of a nonviolent offense and have completed a substance abuse treatment program, by up to one year. The BOP informed Fortino that he was not eligible for the community-based transitional services portion of the substance abuse treatment program due to the nature of his offense. Specifically, the BOP had determined that because Fortino had been classified as a sex offender, he could not be assigned to a community corrections center and was, therefore, ineligible for early release under the provisions of § 3621(e)(2)(B).

Fortino filed a § 2241 habeas corpus petition against John R. Hemingway, warden of the Federal Correctional Institution in Milan, Michigan, where Fortino is incarcerated. Fortino alleged that the BOP incorrectly determined that he was ineligible for early release consideration despite his conviction of a nonviolent offense and completion of all but the community-based transitional services portion of the substance abuse treatment program. Fortino argued that Hemingway should be required to exercise his discretion on an individualized basis when considering

---

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

whether eligible inmates will receive early release under § 3621(e)(2)(B).

The district court denied Fortino's habeas corpus petition and dismissed the action. Fortino has filed a timely appeal. On August 8, 2000, this court filed an order to hold this case in abeyance pending a decision by the United States Supreme Court in *Lopez v. Davis,* 531 U.S. 230, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001). As *Lopez* has now been decided, this case is ready for decision.

We review de novo the dismissal of a § 2241 petition for a writ of habeas corpus. *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). Upon review, we conclude that the district court properly dismissed Fortino's petition.

The BOP has discretion to allow an inmate a sentence reduction of up to one year if the inmate was convicted of a nonviolent offense and has successfully completed a substance abuse treatment program. 18 U.S.C. § 3621(e)(2)(B). In order to implement the provisions of § 3621, the BOP adopted several regulations or program statements. According to the regulations, federal prisoners "who are not eligible for participation in a community-based program as determined by the Warden on the basis of his or her professional discretion" are categorically denied early release consideration. 28 C.F.R. § 550.58(a)(1)(v).

Fortino was convicted of interstate transportation of child pornography via a computer in violation of 18 U.S.C. § 2252(a)(1). As a result of the nature of his offense, the BOP classified Fortino as a sex offender. An inmate classified as a sex offender cannot be placed in a minimum security institution unless the sex offender classification has been waived. *Id.* During his incarceration, Fortino participated in the BOP's residential substance abuse treatment program. Al-though Fortino successfully completed the institutional component of the substance abuse treatment program, he was deemed ineligible for the community-based transitional services component of the program because his classification as a sex offender precluded his transfer to a community corrections center. Thus, the BOP determined that Fortino was ineligible for early release consideration under the provisions of § 3621(e)(2)(B).

When an inmate has satisfied the requirements of § 3621(e)(2)(B), the BOP may, but is not required to, reduce his term of imprisonment. *Lopez,* 121 S.Ct. at 722. Furthermore, the BOP director has discretion to establish additional criteria that make certain categories of prisoners ineligible for early release under § 3621(e)(2)(B). *Id.* Section 3621(e)(2)(B) does not require the BOP "to make individualized determinations" of eligibility for early release. *Id.* It is reasonable for the BOP to take into account preconviction conduct and to make categorical exclusions when determining whether an inmate is eligible for early release under § 3621(e)(2)(B). *Id.* at 723–24. Thus, the BOP's determination to exclude Fortino from early release consideration due to his ineligibility for placement in a community-based program as a result of the nature of the offense for which he was convicted is both reasonable and permissible. *See id.* at 724.

Accordingly, the district court's judgment is affirmed.