Elden R. BOUCHER, Petitioner–Appellant,

v.

John LAMANNA, Warden, Respondent–Appellee.

No. 00–3295.

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2001.

Before CLAY and GILMAN, Circuit Judges; WISEMAN, District Judge.*

Elden R. Boucher, a federal prisoner proceeding pro se, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Boucher was convicted of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). Boucher received a two-level sentence enhancement, pursuant to USSG § 2D1.1(b)(1), for possession of a firearm in connection with a drug offense. During his incarceration. Boucher sought enrollment in a residential substance abuse treatment program in order to receive a reduction of his sentence in accordance with the provisions of 18 U.S.C. § 3621(e)(2)(B). Section 3621(e)(2)(B) permits the Federal Bureau of Prisons ("BOP") to reduce the sentences of prisoners, who have been convicted of a nonviolent offense and have completed a substance abuse treatment program, by up to one year. The BOP approved Boucher's request to receive substance abuse treatment, but informed Boucher that he was ineligible for a sentence reduction because he possessed a firearm in connection with his drug offense.

After exhausting his available administrative remedies, Boucher filed a § 2241 habeas corpus petition against John LaManna, warden of the Federal Correctional Institution in Elkton, Ohio, Boucher's former place of confinement. Boucher alleged that the BOP incorrectly determined, in accordance with BOP program

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

statement 5162.02, that he was ineligible for a sentence reduction following his completion of the substance abuse treatment program because he possessed a firearm in connection with his drug offense. In October 1997, the BOP published a new program statement, 5162.04, and determined that Boucher was ineligible for a sentence reduction pursuant to that program statement as well because he possessed a firearm in connection with his drug offense. Therefore, Boucher also alleged, in subsequent pleadings, that the BOP's determination of his ineligibility for a sentence reduction under program statement 5162.04 was improper. Boucher subsequently completed the substance abuse treatment program.

After determining that exhaustion of administrative remedies with respect to the denial of early release consideration under program statement 5162.04 would be futile, the district court granted Boucher's habeas corpus petition with regard to program statement 5162.02, denied the petition with regard to program statement 5162.04, and dismissed Boucher's action. Boucher has filed a timely appeal of the district court's denial of his petition with regard to program statement 5162.04. On August 7, 2000, this court filed an order to hold this case in abeyance pending a decision by the United States Supreme Court in *Lopez v. Davis*, 531 U.S. 230, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001). As *Lopez* has now been decided, this case is ready for decision.

We review de novo the dismissal of a § 2241 petition for a writ of habeas corpus. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999). Upon review, we conclude that the district court properly dismissed Boucher's petition.

The BOP has discretion to allow an inmate a sentence reduction of up to one year if the inmate was convicted of a nonviolent offense and has successfully completed a substance abuse treatment program. 18 U.S.C. § 3621(e)(2)(B). In order to implement the provisions of § 3621, the BOP adopted several regulations or program statements. The program statement at issue in this appeal is 5162.04, which was adopted in October 1997. According to program statement 5162.04, a federal prisoner who committed a felony that "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives," is categorically denied early release consideration. 28 C.F.R. § 550.58(a)(1)(vi)(B).

When an inmate has satisfied the requirements of § 3621(e)(2)(B), the BOP may, but is not required to, reduce his term of imprisonment. *Lopez*, 121 S.Ct. at 722. Furthermore, the BOP director has discretion to establish additional criteria that an inmate must satisfy in order to obtain early release under § 3621(e)(2)(B). *Id.* The BOP "reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." *Id.* at 724. Consequently, the BOP "may categorically exclude prisoners based on their preconviction conduct." *Id.* Thus, the BOP's determination to exclude Boucher from early release consideration due to his possession of a firearm in connection with a drug offense is both reasonable and permissible. *See id.*

Accordingly, the district court's order dismissing Boucher's habeas corpus petition with regard to the BOP's program statement 5162.04 is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.