Mark R. CORRIGAN, Petitioner–Appellant,

v.

Maryellen THOMS, Warden, Respondent–Appellee.

No. 01–5329.

United States Court of Appeals, Sixth Circuit.

Nov. 6, 2001.

Before JONES and CLAY, Circuit Judges; DOWD, District Judge.*

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

Mark R. Corrigan, a pro se federal prisoner, appeals from a district court order denying his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On May 23, 1997, Corrigan was convicted on mail fraud and money laundering charges, and he was sentenced to 188 months in prison. On appeal, the Fourth Circuit affirmed the convictions. In his § 2241 petition, Corrigan claimed that the trial court denied his right to be represented by counsel of his own choice and that this violation prevented him from showing his actual innocence of his offenses. The district court cited the Fourth Circuit's decision where the court found no abuse of discretion in denying the motion to substitute counsel. *See United States v. Corrigan,* No. 98–4075, 2000 WL 991699 (4th Cir.) (unpub.decision), *cert. denied,* 531 U.S. 1024, 121 S.Ct. 594, 148 L.Ed.2d 508 (2000). The district court then held that Corrigan had not shown that his remedy under § 2255 was inadequate or ineffective, so the court dismissed the petition.

In *Charles v. Chandler,* 180 F.3d 753 (6th Cir.1999), this court held that a federal prisoner must normally use § 2255 to attack his conviction, and it is an open question in this circuit whether an actual innocence exception exists to show that the § 2255 remedy is inadequate or ineffective. *See* 28 U.S.C. § 2255, fifth ¶; *Charles,* 180 F.3d at 755–57. Assuming that such a remedy existed, the court held that claims such as the involuntary nature of a guilty plea and ineffective assistance of counsel were not claims of actual innocence. *Id.* at 758. We conclude that Corrigan's claim regarding the substitution of counsel is, under the authority of *Charles,* not a claim of actual innocence. So the district court properly denied the petition.

Corrigan has filed a supplemental brief raising the issue of the transcript from the North Carolina proceedings. Because Corrigan's substitution of counsel claim is not a claim of actual innocence, the lack of a transcript of the North Carolina proceedings makes no difference in this case. The arguments in the supplemental brief are not well-taken.

The district court's order denying the petition is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.