Donti Allen BRUNDAGE, Sr., also known as Aziz Abdullah Muhammed, Petitioner–Appellant,

v.

George SNYDER, Warden, Respondent–Appellee.

No. 01–5918.

United States Court of Appeals, Sixth Circuit.

Dec. 17, 2001.

Before KENNEDY, MOORE, and COLE, Circuit Judges.

Donti Allen Brundage, Sr., also known as Aziz Abdullah Muhammed, a pro se federal prisoner, appeals from a district court's order dismissing his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2241. Muhammed has moved for in forma pauperis status. *See* 28 U.S.C. § 1915. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In his § 2241 petition, Muhammed claimed that the state of Pennsylvania had lodged an invalid detainer with the federal prison authorities where Muhammed is now imprisoned. Muhammed claimed that the detainer was invalid under state law and that the warden of the federal prison violated Muhammed's due process rights by honoring the detainer. The district court dismissed the petition because habeas corpus relief is not available for issues of state law. The court also held that the warden did not violate Muhammed's due process rights by honoring the detainer.

This court reviews de novo a district court's order denying a petition for a writ of habeas corpus filed under § 2241. *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). The district court properly held that a claim based solely on state law is not redressable through the federal habeas corpus process. *Norris v. Schotten,* 146 F.3d 314, 328 (6th Cir.1998). Moreover, no aspect of fundamental fairness was violated here where Muhammed received a hearing on the parole violation and he should be required to serve additional time for running from his parole officer and creating a dangerous situation surrounding his arrest.

The district court also properly concluded that the warden did not violate Muhammed's due process rights. The mere lodging of a detainer does not violate a prisoner's due process rights. *Moody v. Daggett,* 429 U.S. 78, 86, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). In addition, an adverse impact on a prisoner's classification

and his eligibility for institutional programs is not sufficient to invoke due process. *Id.* at 88 n. 9, 97 S.Ct. 274. Muhammed's petition lacks merit.

The motion for in forma pauperis status is granted solely for the purpose of deciding this appeal, and the order of the district court is affirmed under Rule 34(j)(2)(C), Rules of the Sixth Circuit.