Stephen C. THOMPSON, Petitioner–Appellant,

v.

WARDEN, FMC–LEXINGTON, Respondent–Appellee.

No. 01–5986.

United States Court of Appeals, Sixth Circuit.

June 14, 2002.

Before DAUGHTREY and CLAY, Circuit Judges; WILLIAMS, District

Judge.*

Stephen C. Thompson appeals pro se from a district court judgment that dismissed his habeas corpus petition filed under 28 U.S.C. § 2241. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1995, Thompson pleaded guilty to distributing cocaine base, a violation of 21 U.S.C. § 841(a)(1). The United States District Court for the Southern District of West Virginia sentenced him to 210 months of imprisonment. In 1997, the sentencing court granted a motion to vacate this sentence in part under 28 U.S.C. § 2255, ruling that Thompson had been denied the effective assistance of counsel because his attorney had not filed a timely direct appeal. Thus, the court vacated its initial judgment and resentenced Thompson to the same term that it had previously imposed so that he could file a timely appeal. This sentence was later affirmed.

In 2001, Thompson filed a § 2241 petition in the United States District Court for the Eastern District of Kentucky. He alleged: 1) that the sentencing court had violated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); 2) that his sentence violated the International Covenant on Civil and Political Rights; and 3) that he had not received a fair hearing on his § 2255 motion. The district court denied the petition on May 18, 2001, as these claims should have been raised in a motion to vacate under § 2255. Thompson's motion for reconsideration was denied, and he now appeals.

We note that Thompson has not raised any specific arguments regarding the district court's denial of the second and third claims as enumerated above. Thus, he has abandoned these claims for purposes of appellate review. *See Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997).

A *de novo* review of the record indicates that the district court was authorized to consider Thompson's § 2241 petition because it had jurisdiction over the warden of the prison where he was incarcerated. *See Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir.1999). However, a § 2241 petition properly challenges the execution of a prisoner's sentence, rather than its imposition. *Id.* at 755–56. Thompson's petition does not meet this test because his claims all challenge the validity of his conviction and sentence. These claims are generally not cognizable under § 2241.

Thompson argues that relief was available under § 2241, as a § 2255 motion would have been untimely and would not have provided an adequate or effective remedy for his claims. *See generally* 28 U.S.C. § 2255, ¶ 5 (West 2001). However, § 2255 is not rendered inadequate or ineffective because the petitioner has been denied relief under that section, because he may be denied leave to file a second motion to vacate, or because the limitations period has expired. *Charles,* 180 F.3d at 756–58. Moreover, Thompson has not made a sufficient showing of actual innocence, even though his case arguably involves a second or successive motion to vacate. Thus, he has not shown that § 2255 provides an inadequate or ineffective remedy for his claims. *See id.* at 757–58.

---

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

Thompson also argues that the alleged *Apprendi* violation involved a jurisdictional defect, which can be raised at any time under Fed.R.Crim.P. 12(b)(2). This argument is unpersuasive because it pertains to the jurisdiction of the trial court in West Virginia. Therefore, Thompson's jurisdictional argument would properly be raised by filing a motion to vacate his sentence with that court. *See* 28 U.S.C. § 2255, ¶ 1 (West 2001).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.