**Marcelino SANCHEZ, Petitioner–Appellant,**

v.

**John ASHCROFT, Attorney General; Roy Morrison, Warden, Respondents–Appellees.**

**No. 01–4224.**

United States Court of Appeals, Sixth Circuit.

June 25, 2002.

Before BOGGS and BATCHELDER, Circuit Judges; and STEEH, District Judge.*

*ORDER*

Marcelino Sanchez appeals a district court judgment that dismissed his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a jury trial in the United States District Court for the Northern District of Illinois in 1995, Sanchez was convicted of two counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Sanchez was sentenced to 136 months of imprisonment.

---

* The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

The convictions and sentence were affirmed on direct appeal. *See United States v. Sanchez,* No. 95–3242, 1996 WL 397441 (7th Cir. July 15, 1996).

Thereafter, Sanchez filed his petition in the district court, alleging as grounds for relief that: (1) he was entrapped; (2) 21 U.S.C. § 841(a)(1) contains no penalty provision and otherwise does not apply to him; and (3) the federal government has no jurisdiction within the State of Illinois. The district court dismissed the petition sua sponte as meritless pursuant to 28 U.S.C. § 2243. Sanchez filed a timely notice of appeal. On appeal, Sanchez reiterates the claims he asserted in the district court and asserts other additional claims for habeas corpus relief. The government responds that the district court properly dismissed Sanchez's habeas corpus petition.

Upon consideration, we will affirm the judgment for the reasons stated by the district court in its memorandum of opinion and order dated October 17, 2001. Essentially, the relief sought by Sanchez is unavailable under 28 U.S.C. § 2241. *See Charles v. Chandler,* 180 F.3d 753, 755–56 (6th Cir.1999).

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.