**Rolando HERNANDEZ–CASTILLO,**
**Petitioner–Appellant,**

v.

**BUREAU OF PRISONS, Respondent–**
**Appellee.**

No. 02–5733.

United States Court of Appeals,
Sixth Circuit.

Feb. 20, 2003.

Before GILMAN and GIBBONS, Circuit Judges; and POLSTER, District Judge.*

---

* The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

*ORDER*

Rolando Hernandez–Castillo appeals a district court judgment that dismissed his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Hernandez–Castillo filed his petition in the district court alleging that a decision to deny his request for a recommendation for compassionate release was an abuse of discretion and violated his constitutional rights to due process and equal protection. The district court denied the petition as meritless on initial screening. Hernandez–Castillo filed a timely notice of appeal. On appeal, Hernandez–Castillo describes his criminal conduct and proceedings and reiterates the claims he asserted in the district court.

Upon de novo review, *see Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999), we will affirm the judgment for the reasons stated by the district court in its memorandum order and opinion filed May 10, 2002. While Hernandez–Castillo's illness apparently satisfies the Bureau of Prisons requirement that an inmate suffer from a very serious medical condition, his request for compassionate release was denied because of his serious criminal behavior, the need to protect the public, and the fact that an INS detainer is pending against him. Although Hernandez–Castillo alleged that his constitutional rights to due process and equal protection were violated by the refusal to recommend compassionate release in his case, he does not specify in what way these constitutional rights were violated. Hernandez–Castil-

lo's due process rights were not violated because he lacks any procedural due process liberty interest in compassionate release, and the error alleged does not shock the conscience so as to amount to a substantive due process violation. *See Mertik v. Blalock,* 983 F.2d 1353, 1367–68 (6th Cir.1993). Further, Hernandez–Castillo's claim that he was denied equal protection also is without basis. While Hernandez–Castillo's circumstances are unfortunate, the district court properly dismissed this habeas petition as meritless.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.