**Patrick LIDDELL, Petitioner–Appellant,**

v.

**Joe P. YOUNG, Warden, Respondent–Appellee.**

No. 02–5944.

United States Court of Appeals,
Sixth Circuit.

March 7, 2003.

Before COLE, GILMAN, and BRIGHT,\* Circuit Judges.

*ORDER*

Patrick Liddell, a pro se federal prisoner, appeals a district court order dismissing his petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, Liddell pleaded guilty to violating 21 U.S.C. § 841(a)(1). He was sentenced to 168 months of imprisonment. Liddell's direct appeal was dismissed for failure to pay the required filing fee. Liddell then filed a motion to vacate his conviction under 28 U.S.C. § 2255. That motion was denied and Liddell did not appeal the district court's decision. Liddell subsequently filed a motion to correct and amend the judgment. That request was denied by the district court and Liddell did not appeal the decision.

Liddell then filed his request for habeas corpus relief under § 2241 claiming that: 1) his attorney was ineffective; 2) his plea was not knowingly and voluntarily made; 3) the government was bound by a plea agreement; 4) the government breached its plea agreement; 5) the district court misapplied the sentencing guidelines by not allowing him credit for acceptance of responsibility; 6) he was not entitled to have his sentence enhanced; 7) the district court erred by imposing a fine; and 8) the district court lacked jurisdiction to accept the plea as the indictment failed to include

---

\* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

the amount of drugs involved. The district court dismissed the petition as meritless. In his timely appeal, Liddell raises the same issues which he presented to the district court.

The district court's order is reviewed de novo. *See Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999).

The district court properly dismissed Liddell's petition. Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id.* at 755–56. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Id.* at 756.

*Charles* concluded that the courts have permitted prisoners to submit claims of actual innocence that would otherwise have been barred under § 2255. *Id.* at 756–57. Because the petitioner had failed to submit a facially valid claim of actual innocence in *Charles*, the court withheld judgment as to whether a claim of actual innocence would permit a petitioner to have a second opportunity for § 2255 relief. *Id.* at 757.

Liddell has not satisfied this burden for two reasons. First, Liddell does not cite to an intervening change in the law which reflects that he may be actually innocent of his crimes. Unlike other prisoners who have obtained review of their claims because they did not have a prior opportunity to present their claims on appeal or in a prior § 2255 motion to vacate, Liddell has had opportunities to challenge his conviction and sentence. The district court properly dismissed Liddell's § 2241 petition because his asserted claims do not constitute claims of actual innocence. *Id.*

Second, Liddell's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. As the court explained in *Charles*, the remedy under § 2255 is not rendered inadequate or ineffective simply because the prisoner has been denied relief under § 2255, because the prisoner may be denied permission to file a second or successive motion to vacate, or because the prisoner has allowed the one-year statute of limitations to expire. *Id.* at 756–58. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Id.* at 758.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.