**Veronica LUCARELLI. Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 02–4099.**

United States Court of Appeals, Sixth Circuit.

April 1, 2003.

---

* The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

Before: BOGGS and SILER, Circuit Judges; and STEEH, District Judge.*

## ORDER

Veronica Lucarelli appeals a district court judgment dismissing a 28 U.S.C. § 2241 petition for a writ of habeas corpus filed on her husband's behalf. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Ronald Lucarelli pleaded guilty to conspiracy to distribute cocaine and was sentenced to 168 months in prison. He did not file a direct appeal. In 2001, Lucarelli filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. The district court denied the motion and declined to issue a certificate of appealability. This court likewise declined to issue a certificate of appealability.

On August 2, 2002, Mrs. Lucarelli filed the instant petition as "relator" for her husband who is imprisoned at FCI–Elkton. She asserted, inter alia, that Mr. Lucarelli "has no privileges or immunities under Title 15 U.S.C. Chap. 41, Section 1602(c), (d), (e), whereby petitioner has agreed to defer 'payment' of debt by creating intangibles for the stream of interstate commerce...." The district court sua sponte dismissed the petition, reasoning that one pro se litigant cannot represent another and that there was no showing that the § 2255 remedy would be inadequate or ineffective.

Mrs. Lucarelli has filed a timely appeal.

This court reviews de novo a district court's denial of a § 2241 petition. *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999).

Upon review, we conclude that Mrs. Lucarelli lacked standing to file a habeas corpus petition on her husband's behalf. To prosecute a habeas corpus action on behalf of another, i.e., as a "next friend," a pro se litigant "must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action," must be dedicated to the best interests of the real party in interest, and must have a significant relationship with the real party in interest. *Whitmore v. Arkansas,* 495 U.S. 149, 163–64, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990); *Coalition of Clergy, Lawyers, & Professors v. Bush,* 310 F.3d 1153, 1159–60 (9th Cir.2002); *West v. Bell,* 242 F.3d 338, 341 (6th Cir.2001); *see also* 28 U.S.C. § 2242. Mrs. Lucarelli failed to show that her husband lacked access to the courts, was incompetent, or suffered from another disability preventing him from prosecuting this action on his own behalf.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.