Jackson C. O'DELL, Petitioner–
Appellant,

v.

Jose BARRON, Jr., Warden,
Respondent–Appellee.

No. 03-5458.

United States Court of Appeals,
Sixth Circuit.

Oct. 24, 2003.

Before BOGGS, Chief Judge;
GIBBONS, Circuit Judge; and GWIN,
District Judge.*

## ORDER

Jackson C. O'Dell appeals a district court judgment that dismissed his application for habeas corpus relief filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a lengthy history of preliminary proceedings in the district court and

* The Honorable James S. Gwin, United States District Judge for the Northern District of    Ohio, sitting by designation.

before this court, *see United States v. O'Dell*, 247 F.3d 655, 660–65 (6th Cir.2001), O'Dell was convicted of possession of marijuana and manufacturing marijuana following a bench trial in the district court in 1999. *Id.* at 665. Initially, the district court sentenced O'Dell pursuant to the "safety valve" provision, 18 U.S.C. § 3553(f), to eighteen months of imprisonment, below the mandatory minimum sentence of sixty months of imprisonment. *Id.* However, the government appealed O'Dell's sentence, and this court vacated the district court's application of the "safety valve" provision and remanded the case to the district court for resentencing without application of 18 U.S.C. § 3553(f). *Id.* at 673–77. On remand, the district court sentenced O'Dell to sixty months of imprisonment, and this court affirmed the sentence on appeal. *United States v. O'Dell*, 320 F.3d 674, 675–76 (6th Cir.2003).

While the latter appeal was pending before this court, O'Dell filed the instant application for habeas corpus relief in the district court. O'Dell alleged that the Bureau of Prisons improperly denied him credit towards his sentence for 292 days he spent on supervised release following his release from incarceration under his initial eighteen-month sentence on December 27, 2000, and before his subsequent incarceration on October 15, 2001, after the district court resentenced him to sixty months of imprisonment pursuant to this court's mandate. The district court dismissed the application sua sponte for failure to state a claim upon which relief can be granted. O'Dell filed a Fed.R.Civ.P. 59(e) motion to alter or amend the judgment, which the district court denied. O'Dell filed a timely notice of appeal.

On appeal, O'Dell reiterates his contention that he is entitled to sentence credit for the 292 days he spent on supervised release following his release from his initial sentence until his incarceration following his resentencing. O'Dell also moves this court to decide the appeal on his brief, and has submitted a supplemental citation of authority in support of his brief. The government has notified the court that it does not intend to file a brief in this appeal. Upon de novo review, *see Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999), we affirm the judgment for the reasons stated by the district court in its memorandum of opinion and order filed February 18, 2003.

Generally, 18 U.S.C. § 3585(b) provides that a defendant receive credit toward service of a sentence of imprisonment for any time spent in "official detention prior to the date the sentence commences...." In *Reno v. Koray*, 515 U.S. 50, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995), the Supreme Court determined, solely as a matter of statutory construction, that a defendant was not entitled to credit under § 3585(b) for time spent as a pretrial detainee confined in "jail-type confinement" in a community treatment facility. *Id.* at 55–56 n. 2. Here, the district court correctly concluded that, because the Supreme Court concluded that pretrial "jail-type confinement" in a treatment facility does not warrant credit under § 3585(b), O'Dell's time spent on supervised release does not warrant credit.

O'Dell contends on appeal that *Reno* is inapposite because unlike that defendant, who sought sentence credit for time spent in "jail-type confinement" in a treatment facility while he was a pretrial detainee, O'Dell began to serve his sentence and then was released on supervised release. However, O'Dell's contention lacks merit. As noted, this court vacated O'Dell's initial sentence as improper, and his current sentence subsequently commenced on October 15, 2001. O'Dell was duly credited with the time spent in "official detention prior to the date the sentence commence(d)"

while he served his initial shorter, but vacated, sentence. Under these circumstances, O'Dell received the sentence credit to which he is entitled. It is not clear from the record whether O'Dell will be credited with the time spent on supervised release when he is again released to supervision, but this court need not address this issue because O'Dell does not seek this relief.

Finally, O'Dell's reliance on *Weekes v. Fleming,* 301 F.3d 1175 (10th Cir.2002), *cert. denied,* 537 U.S. 1146, 123 S.Ct. 950, 154 L.Ed.2d 848 (2003), is misplaced. In *Weekes,* the United States Court of Appeals for the Tenth Circuit held that a federal prisoner must be given credit toward his federal sentence when, after his federal sentence commenced, federal officials interrupted the federal sentence by transferring him to a state prison to serve a state sentence. *Weekes,* 301 F.3d at 1181–82. The *Weekes* decision simply does not support O'Dell's contention that he is entitled to sentence credit for time spent on supervised release after he was released to supervised release following an improperly short sentence that was vacated on appeal.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.