**Randy PRINGLE, Petitioner–Appellant,**

v.

**Mark A. BEZY, Warden, Respondent–Appellee.**

No. 03–3755.

United States Court of Appeals, Sixth Circuit.

Dec. 1, 2003.

Randy Pringle, pro se, Lisbon, OH, for Petitioner–Appellant.

Ronald B. Bakeman, Asst. U.S. Attorney, U.S. Attorney's Office, Cleveland, OH, for Respondent–Appellee.

Before NORRIS and GILMAN, Circuit Judges; and BUNNING, District Judge.*

*ORDER*

Randy Pringle, a pro se federal prisoner, moves to proceed in forma pauperis and appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the

---

* The Honorable David L. Bunning, United States District Judge for the Eastern District

of Kentucky, sitting by designation.

court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Pringle was convicted in 1991 in the Eastern District of New York of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii), using or carrying a firearm in connection with drug trafficking in violation of 18 U.S.C. § 924(c), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). The Second Circuit affirmed Pringle's convictions and sentence. *United States v. Pringle,* No. 92–1447, 992 F.2d 320 (Table), 1993 WL 125940 (2d Cir. Mar. 12, 1993).

On December 15, 1997, Pringle filed a 28 U.S.C. § 2255 motion to vacate sentence. In support of his motion, Pringle argued that he is innocent of the § 924(c) firearm conviction in light of the Supreme Court's decision in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). The district court denied Pringle's § 2255 motion and found no grounds upon which to issue Pringle a certificate of appealability. The Second Circuit denied Pringle's application for a certificate of appealability.

In his immediate § 2241 petition for a writ of habeas corpus, Pringle claimed that he cannot file a § 2255 motion to vacate "due to the time limit under the Gatekeeping Provision of the Antiterrorism and Effective Death Penalty Act. A claim of actual innocent [sic] is properly raised under 2241." Pringle reasserted that he is innocent of violating 18 U.S.C. § 924(c). The district court dismissed Pringle's petition. Pringle appeals.

Generally, this court reviews de novo a district court judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). A federal prisoner may challenge a conviction or imposition of sentence under § 2241 rather than by motion filed under 28 U.S.C. § 2255 only under very unusual circumstances in which the remedy under § 2255 is inadequate or ineffective. *Charles,* 180 F.3d at 755–56. The prisoner must prove that § 2255 is inadequate or ineffective, and the remedy under § 2255 is not inadequate or ineffective simply because a petitioner has been denied relief under § 2255 or denied permission to file a second or successive § 2255 motion. *Id.* at 756–58. The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *Id.* at 758.

The only claim that this court has recognized as cognizable under § 2241 is a claim of actual innocence based upon a new rule of law made retroactive by a Supreme Court case, such as the claim raised in *Bailey. See Charles,* 180 F.3d at 756–57. Pringle previously filed a motion under § 2255 in which he asserted his *Bailey* argument. That argument, however, has already been decided against him in proceedings before the courts of the Second Circuit.

Thus, Pringle makes neither a legitimate *Bailey* claim that would be cognizable in a § 2241 petition, nor a claim resting on a retroactively applicable Supreme Court decision. His claim is not cognizable under § 2241.

Accordingly, the motion to proceed in forma pauperis is granted for the limited purpose of deciding this appeal, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.