**Jim L. TOWNSEND, Petitioner–Appellant,**

v.

**Randy J. DAVIS, Respondent–Appellee.**

No. 03–5448.

United States Court of Appeals, Sixth Circuit.

Dec. 5, 2003.

Jim L. Townsend, pro se, Memphis, TN, for Petitioner–Appellant.

Before NORRIS and GILMAN, Circuit Judges; and BUNNING, District Judge.*

## ORDER

Jim L. Townsend, a pro se federal prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1992, a jury convicted Townsend of conspiring to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 841 and 846, and possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841. The district court sentenced Townsend to life imprisonment. A panel of this court affirmed Townsend's convictions and sentence. *United States v. Little,* Nos. 92–6719, 92–6720, 92–6721, 1993 WL 501570 (6th Cir. Dec.6, 1993). Thereafter, Townsend filed a delayed Rule 33 motion for a new trial, which the district court denied on June 28, 1996. A panel of this court affirmed the district court's judgment. *United States v. Townsend,* No. 97–5155, 1999 WL 313856 (6th Cir. May 3, 1999).

In August 2000, Townsend filed a 28 U.S.C. § 2255 motion, arguing that: 1) his

---

* The Honorable David L. Bunning, United States District Judge for the Eastern District of Kentucky, sitting by designation.

trial and appellate counsel rendered ineffective assistance; 2) his sentence was improper in light of the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); and 3) his indictment was defective. The district court dismissed the § 2255 motion as untimely. This court declined to issue Townsend a certificate of appealability.

In his § 2241 petition for a writ of habeas corpus, Townsend claimed that the district court lacked jurisdiction to enhance his prison sentence because he did not receive a timely notice of the government's intent to enhance his sentence pursuant to 21 U.S.C. § 851. The district court dismissed the petition sua sponte as meritless.

On appeal, Townsend reasserts the claim set forth in the district court.

Generally, this court reviews de novo a district court judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). A federal prisoner may challenge a conviction or imposition of sentence under § 2241 rather than by a motion filed under 28 U.S.C. § 2255 only under very unusual circumstances in which the remedy under § 2255 is inadequate or ineffective. *Charles,* 180 F.3d at 755–56. The prisoner must prove that § 2255 is inadequate or ineffective, and the remedy under § 2255 is not inadequate or ineffective simply because a petitioner has been denied relief under § 2255 or denied permission to file a second or successive § 2255 motion. *Id.* at 756–58. The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *Id.* at 758.

Upon review, we conclude that Townsend makes neither a legitimate claim that would be cognizable in a § 2241 petition nor a claim resting on a retroactively ap-

plicable Supreme Court decision. The only claim that this court has recognized as cognizable under § 2241 is a claim of actual innocence based upon a new rule of law made retroactive by a Supreme Court case, such as the claim raised in the case of *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). *See Charles,* 180 F.3d at 756–57. Townsend's claim is not a *Bailey* claim or a claim of actual innocence. His claim is not cognizable under § 2241.

Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the court's order of March 17, 2003.