**Keith Desmond WRIGHT, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 98 CV 355.
No.3:94 CR95–05–V.

United States District Court,
W.D. North Carolina.

April 22, 2002.

Keith Desmond Wright, Edgefield, SC, pro se.

Gretchen C.F. Shappert, U.S. Atty., Charlotte, NC, for U.S.

### MEMORANDUM

WISEMAN, Senior District Judge.

Before the Court is a motion brought by Keith Desmond Wright ("Wright" or "Petitioner") entitled " 'Combined' Motion for a Writ of Habeas Corpus and Memorandum of Points and Authorities in Support of a Writ of Habeas Corpus." For the follow-ing reasons, Petitioner's motion is DE-NIED.

### 1. Procedural and Factual Background

Petitioner was convicted by a jury on January 25, 1996 and sentenced to life imprisonment on June 12, 1996 for violat-ing 21 U.S.C. § 841(a)(1). He appealed to the Fourth Circuit Court of Appeals. His judgment and conviction were affirmed by the Fourth Circuit in an unpublished opin-ion filed on November 6, 1997. Petitioner then appealed to the United States Su-preme Court. That Court denied certiora-ri on January 20, 1998. Subsequently, Pe-titioner filed a motion pursuant to 28 U.S.C. § 2255 on August 17, 1998. Among other things, he alleged ineffective assis-tance of counsel and prosecutorial miscon-duct. This Court dismissed Wright's mo-tion by Order filed January 7, 1999.

On January 18, 2001, Petitioner filed a motion "To Dismiss the Indictment in the Instant Matter Based Upon Lack of Juris-diction, With Simultaneous Request for Relief Pursuant to Rule 60(b)(4) ... as Applied to the Denial of Petitioners 2255." This Court construed Petitioner's motion as a § 2255 petition to set aside, vacate or correct sentence, and subsequently dis-missed the motion as a second or succes-sive petition which had not met the re-quirements of 28 U.S.C. § 2244 and § 2255. On April 23, 2001, Petitioner then filed an application for a Writ of Manda-mus to the Fourth Circuit pursuant to Rule 21(a) of the Federal Rules of Appel-late Procedure, in which he argued that his prior motion for relief pursuant to Rule 60(b)(4) was improperly characterized by this Court as a successive § 2255 motion and sought relief on the above-mentioned grounds. In an unpublished opinion dated July 5, 2001, the Fourth Circuit denied Wright's petition for Writ of Mandamus.

Subsequently, on August 3, 2001, Petitioner filed a "Motion for a Writ of Habeas Corpus ..." He argues that this motion for a Writ of Habeas Corpus is not a successive § 2255 motion because he brings it pursuant to 28 U.S.C. § 1651 ("All Writs Act") and not under 28 U.S.C. § 2255. He claims that his remedy under § 2255 is "inadequate" and "ineffective" and thus seeks relief based on the All Writs Act.

### 2. Petitioner's "Motion for a Writ Of Habeas Corpus" and Prior Motions

In a January 7, 1999 order, this Court denied Petitioner's motion to vacate under 28 U.S.C. § 2255. Since the denial of his § 2255 petition, he has subsequently filed motions for relief pursuant to Fed. R.Crim.P. 12(b), Fed.R.Civ.P. 60(b)(4), and Fed.R.App.P. 21(a) (Writ of Mandamus). All of these motions have also been denied.

In the instant case, Wright claims his motion does not invoke § 2255 and is not a successive petition pursuant to 28 U.S.C. § 2244. Instead, he claims that he is entitled to habeas relief outside of § 2255 because his remedy under § 2255 is "inadequate" or "ineffective." Wright seeks a writ of habeas corpus pursuant to the All Writs Act, citing "jurisdictional" errors in his prior criminal trial. He specifically requests that this Court vacate the judgment of conviction and sentence of his criminal trial. Essentially, Wright is requesting collateral relief through his present request, regardless of the label he has placed on it. As a result, notwithstanding his transparent attempts to frame his motion as something other than a collateral attack on the judgment in his 1996 methamphetamine trial, his motion clearly sinks under its own dictates. Thus, this § 1651 motion is best characterized as a collateral attack on his underlying conviction and sentence.

Like his prior petitions, Wright's § 1651 motion seeks relief based on a number of "jurisdictional" errors. Although Petitioner does not specifically cite to *Apprendi* in his memorandum in support of this motion, the "jurisdictional" errors he presents constitute, in essence, an *Apprendi* argument. *See Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He has not brought any new revelations to light in the instant motion. Petitioner's allegations are essentially identical in prior and present motions: claims of a newly recognized right which has been "made retroactively applicable to cases on collateral review ..." *See* 28 U.S.C. § 2255.

Wright asserts that the Supreme Court holding in *Apprendi* should apply retroactively. According to Wright, if *Apprendi* were to apply, then the indictment underlying his criminal conviction was faulty because it failed to include the specific quantity of drugs for which he was convicted of possessing with intent to distribute. *See Apprendi*, 530 U.S. 466, 120 S.Ct. 2348. Under *Apprendi*, courts can no longer treat the weight of drugs as a sentencing factor that the trial judge can determine under a preponderance of the evidence standard. *Id.* Instead, when the amount of drugs will increase the sentence beyond the maximum penalty that applies regardless of weight, the Government must charge the weight of the drugs in the indictment and must prove the weight of the drugs to a jury beyond a reasonable doubt. *See United States v. Promise*, 255 F.3d 150, 156–57 (4th Cir.2001) (footnotes omitted); *see also Ware v. U.S.*, 124 F.Supp.2d 590, 593 (M.D.Tenn.2000). This is the exact basis upon which Petitioner claims he is entitled to relief. However, Petitioner's conviction became final on December 10, 1997. *Apprendi* was decided on June 26, 2000. The Fourth Circuit has held that the rule set forth in *Apprendi*

does not apply retroactively to cases on collateral review. *See United States v. Sanders*, 247 F.3d 139, 146 (4th Cir.2001). Therefore, even if Petitioner could somehow overcome the clear procedural bar of a second or successive § 2255, his petition lacks merit.

Essentially, whatever label Wright may have chosen to place on this motion, any attempt to invoke the *Apprendi* rule as grounds for relief must be viewed as a "claim presented in a second or successive habeas corpus application" within the meaning of § 2244. *See* 28 U.S.C. § 2244. As such, the law specifically forbids the filing of such a new claim in the District Court without having sought and obtained leave to do so from the Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A) (2001) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Wright has never requested or obtained leave from the Fourth Circuit Court of Appeals to file a second or successive § 2255 petition. Thus, even if he had a meritorious claim, which this Court finds that he does not, his motion must fail as he has not shown procedural compliance under 28 U.S.C. §§ 2244(b)(3)(A).

■ Furthermore, consideration of Wright's motion under the All Writs Act would result in this Court construing Petitioner's motion as a writ of habeas corpus under 28 U.S.C. § 2241. Under the All Writs Act, federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions. *See* 28 U.S.C. § 1651. However, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is the controlling authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 428–29, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996) (internal quotations and citation omitted). Such a statute exists in this case. Pursuant to the "savings clause" in 28 U.S.C. § 2255, a federal prisoner may apply for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his conviction or imposition of sentence, "if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of his detention."[1] *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999).

■ Wright argues that he has exhausted the applicable time frames for available collateral relief pursuant to § 2255, and that a successive habeas pursuant to § 2255, under § 2244, is not available for the same reasons. On these grounds, he claims a petition under § 2255 is thus inadequate or ineffective. Yet, the Fourth Circuit has held that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See In re Jones*, 226 F.3d 328, 333 (4th Cir.2000) citing *Charles*, 180 F.3d at 756 ("The § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255."). Here, Wright has been specifi-

---

1. 28 U.S.C. § 2255 para. 5 states

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for re-

lief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

cally denied relief under § 2255. He also has failed to comply with the procedural requirements for a second or successive § 2255 petition. As such, he cannot claim that relief under § 2255 is inadequate or ineffective. It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective. *Id.* Wright has failed to so demonstrate.

Furthermore, the fact that Wright is in custody, is challenging the constitutional validity of his conviction, and is making his request to the federal court that sentenced him squarely places his motion within the coverage of 28 U.S.C. § 2255. Here, § 2255 specifically addresses the situation we face and Wright has already been denied relief on this very ground. That § 2255 does not provide Wright with a means to obtain the relief he seeks does not make the provision any less controlling. As such, since § 2255 specifically addresses the particular issue at hand, it is the controlling authority and the All Writs Act has no applicability.

### 3. Conclusion

Although Wright declares that his motion arises under the All Writs Act, his claim is solely limited to habeas relief. Wright has already petitioned this court under 28 U.S.C. § 2255, and he cannot have a proverbial second bite at the habeas apple. Since he attempts to invoke *Apprendi* as a new ground for relief, his motion must be viewed as a claim presented in a second or successive habeas corpus application. Therefore, this Court construes Petitioner's "Motion for a Writ of Habeas Corpus and Memorandum" as a motion brought under 28 U.S.C. § 2255. Since Wright has failed to comply with the procedural requirements of 28 U.S.C. § 2244 for a second or successive petition

pursuant to § 2255, his motion is thus DENIED.

An appropriate order will enter.

### ORDER

Before this Court, Petitioner Keith Desmond Wright ("Petitioner") brings this motion entitled "Combined Motion for a Writ of Habeas Corpus and Memorandum of Points and Authorities in Support of a Writ of Habeas Corpus." Petitioner seeks relief pursuant to 28 U.S.C. § 1651 ("All Writs Act") from his 1996 criminal conviction and sentence.

For the reasons set forth in the accompanying memorandum, Petitioner's motion is DENIED.

It is so ORDERED.