**Morris J. PERRY, Sr., Petitioner–Appellant,**

v.

**John LAMANNA, Warden, Respondent–Appellee.**

**No. 01–3556.**

United States Court of Appeals, Sixth Circuit.

Feb. 8, 2002.

Before NORRIS and CLAY, Circuit Judges; SARGUS, District Judge.*

Morris J. Perry appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. Perry is a federal prisoner, proceeding pro se. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, a jury convicted Perry of possessing cocaine base in violation of 21 U.S.C. § 844, possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a). The district court sentenced Perry to a total of 200 months of imprisonment. On appeal, a panel of this court affirmed Perry's convictions and sentence. *United States v. Perry*, No. 97–3518, 1998 WL 939562 (6th Cir. Dec. 21, 1998). Thereafter, in 1998, Perry filed a Fed.R.Crim.P. 33 motion for a new trial, which the district court denied. A panel of this court affirmed the district court's judgment. *United States v. Perry*, No. 99–3185, 1999 WL 1253044 (6th Cir. Dec. 16, 1999). Subsequently, Perry filed his first § 2255 motion, which the district court denied as without merit in May 2000. This court denied Perry a certificate of appealability. *Perry v. United States*, Case No. 00–3647 (6th Cir. Aug. 22, 2000).

In March 2001, Perry filed a § 2241 habeas corpus petition in the district court, arguing that: 1) the district court lacked jurisdiction over his case; 2) the indictment was constructively amended; and 3) his counsel rendered ineffective assistance. In April 2001, the district court dismissed the petition because Perry improperly sought to challenge the imposition of his sentence under § 2241, and yet he had failed to show that his remedy under § 2255 was inadequate or ineffective. Perry has filed a timely appeal, essentially reasserting the same grounds for relief. He has also filed a motion to proceed in forma pauperis on appeal, a motion for the appointment of counsel, a motion for re-

---

* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

lease pending a decision in this appeal, and a motion to expedite the appeal.

Upon review, we conclude that the district court properly dismissed Perry's § 2241 petition for the reasons stated in its April 21, 2001, opinion. *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). Perry may not challenge his convictions and imposition of sentence under § 2241, instead of § 2255, because he has not established that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id.* at 755–56.

Accordingly, we grant the request for pauper status for purposes of this review, deny all other pending motions as moot, and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.