**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Morris J. PERRY, Sr., Defendant–
Appellant.**

**No. 01–4219.**

United States Court of Appeals,
Sixth Circuit.

April 26, 2002.

Before MARTIN, Chief Judge; COLE, Circuit Judge; and SHARP, District

---

* The Honorable G. Kendall Sharp, United States District Judge for the Middle District of Florida, sitting by designation.

Judge.*

## ORDER

Morris Perry appeals a district court order denying his motion for a new trial filed pursuant to Fed.R.Crim.P. 33. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, a jury convicted Perry of possessing cocaine base in violation of 21 U.S.C. § 844, possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a). The district court sentenced Perry to 200 months of imprisonment. On appeal, this court affirmed his convictions and sentence. *United States v. Perry*, No. 97–3518, 1998 WL 939562 (6th Cir. Dec. 21, 1998).

In 1998, Perry filed his motion for a new trial, alleging that his convictions should be vacated because of newly discovered evidence. In a marginal entry, the district court denied the motion. Perry appealed, and this court affirmed the district court's judgment denying Perry's request for a new trial. *United States v. Perry*, No. 99–3185, 1999 WL 1253044 (6th Cir. Dec. 16, 1999).

In October 2000, Perry sought a new trial in a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The district court denied the motion, and this court dismissed the appeal for want of prosecution. This court also denied Perry's peti-

tion for an order authorizing the district court to consider a second or successive § 2255 motion. On October 25, 2001, Perry again moved the district court for a new trial. The district court denied Perry's motion. Perry appeals.

On appeal, Perry reasserts that he possesses newly discovered evidence of his actual innocence. The "new evidence" is an allegation of a conspiracy between the defense counsel and prosecutors, with court approval, to present testimony of lying witnesses during his trial. Perry also moves the court for bail pending appeal.

We review a district court's denial of a Rule 33 motion for an abuse of discretion. *United States v. Frost*, 125 F.3d 346, 382 (6th Cir.1997); *United States v. Hawkins*, 969 F.2d 169, 175 (6th Cir.1992). Under Rule 33 of the Federal Rules of Criminal Procedure a defendant is entitled to a new trial "if required in the interest of justice." Fed.R.Crim.P. 33. A defendant requesting a new trial on the basis of newly discovered evidence must demonstrate that: 1) the new evidence was discovered after trial; 2) the evidence could not have been discovered earlier with due diligence; 3) the evidence is material and not merely cumulative or impeaching; and 4) the evidence would likely produce an acquittal. *Id.* The record reveals that Perry has not met this standard.

Perry alleges that new evidence reflects a wide-ranging conspiracy among prosecutors, police, and witnesses to convict him. However, he presents no evidence to support this allegation beyond his conclusory assertions. While he argues that an expert witness at trial did not establish a sufficient foundation for her finding that

---

* The Honorable G. Kendall Sharp, United States District Judge for the Middle District of Florida, sitting by designation.

the substance discovered on Perry was crack cocaine, this testimony was available to him at the time of trial and any present challenge to the testimony would be unlikely to produce an acquittal.

Accordingly, we hereby deny Perry's motion to be released on bail because his appeal fails to raise a substantial question of law. *See United States v. Pollard,* 778 F.2d 1177, 1181 (6th Cir.1985). We further deny all outstanding motions and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.