**Morris J. PERRY, Sr., Petitioner–
Appellant,**

v.

**R.L. MORRISON, Warden,
Respondent–Appellee.**

No. 03–3388.

United States Court of Appeals,
Sixth Circuit.

Sept. 11, 2003.

Morris J. Perry, Sr., pro se, Lisbon, OH, for Petitioner–Appellant.

Before SUHRHEINRICH, COLE, and ROGERS, Circuit Judges.

## ORDER

Morris J. Perry, Sr., a federal prisoner proceeding pro se, moves to proceed on appeal in forma pauperis in this appeal from a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, a jury convicted Perry of possessing cocaine base in violation of 21 U.S.C. § 844, possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a). The district court sentenced Perry to 200 months of imprisonment. On appeal, this court affirmed his convictions and sentence. *United States v. Perry*, No. 97–3518, 1998 WL 939562 (6th Cir. Dec.21, 1998).

In 1998, Perry filed a motion for a new trial, alleging that his convictions should be vacated because of newly discovered evidence. In a marginal entry, the district court denied the motion. Perry appealed, and this court affirmed the district court's judgment denying Perry's request for a new trial. *United States v. Perry*, No. 99–3185, 1999 WL 1253044 (6th Cir. Dec.16, 1999).

In October 2000, Perry sought a new trial in a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The district court denied the motion, and this court dismissed the appeal for want of prosecution. This court also denied Perry's petition for an order authorizing the district court to consider a second or successive § 2255 motion.

In March 2001, Perry filed a § 2241 habeas corpus petition in the district court, arguing that: 1) the district court lacked jurisdiction over his case; 2) the indictment was constructively amended; and 3) his counsel rendered ineffective assistance. In April 2001, the district court dismissed the petition because Perry improperly sought to challenge the imposition of his sentence under § 2241, and yet he had failed to show that his remedy under § 2255 was inadequate or ineffective. This court affirmed the district court's decision. *Perry v. Lamanna*, 25 Fed.Appx. 422 (6th Cir.2002).

On October 25, 2001, Perry again moved the district court for a new trial. The district court denied Perry's motion. This court affirmed the district court's judgment. *United States v. Perry*, 33 Fed. Appx. 214 (6th Cir.2002).

On December 10, 2002, Perry filed yet another habeas corpus action under 28 U.S.C. § 2241. Perry challenges his multiple convictions on the ground that he received ineffective assistance of counsel. On January 31, 2003, the district court dismissed the petition because Perry improperly sought to challenge the imposition of his sentence under § 2241, and yet he failed to show that his remedy under § 2255 was inadequate or ineffective. Perry has filed a timely appeal.

Upon review, we conclude that the district court properly dismissed Perry's § 2241 petition for the reasons stated in its January 31, 2003, opinion. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999). Perry may not challenge his convictions and imposition of sentence under § 2241, instead of § 2255, because he has not established that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id.* at 755–56.

Accordingly, the motion to proceed in forma pauperis is granted for the limited purpose of deciding this appeal and the district court's judgment is affirmed. Rule 34(j)(2)(C). Rules of the Sixth Circuit.