**Fredrick Burton ZONGE,**
**Petitioner–Appellant,**

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

**No. 01–5035.**

United States Court of Appeals,
Sixth Circuit.

Aug. 13, 2002.

Before KEITH, MOORE, and GILMAN, Circuit Judges.

## ORDER

Fredrick Burton Zonge appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, a jury sitting in the United States District Court for the Western District of Tennessee found Zonge guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court sentenced Zonge to 120 months of imprisonment and 3 years of supervised release. Zonge did not appeal. In 1996, Zonge moved the district court to vacate his sentence pursuant to 28 U.S.C. § 2255. The district court denied that motion, and this court dismissed the subsequent appeal for want of prosecution. In 1997, Zonge moved this court for an order authorizing the district court to consider a second or successive motion to vacate sentence. This court denied that motion.

In his current § 2241 habeas corpus petition filed in August 2000, Zonge claimed that the district court lacked jurisdiction to adjudicate the criminal charge against him because 18 U.S.C. § 922(g) does not proscribe his possession of a firearm until he is forty-five years old. The district court dismissed the petition, concluding that Zonge could not challenge the imposition of his sentence under § 2241.

Zonge reasserts his claim in his timely appeal. He also moves the court for leave to proceed in forma pauperis.

Upon review, we conclude that the district court properly dismissed Zonge's § 2241 petition for the reasons stated in its October 31, 2000, memorandum opinion. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999). Zonge may not challenge his conviction and imposition of sentence under § 2241, instead of § 2255, because he has not established that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id.* at 755–56.

Accordingly, we grant the request for pauper status for purposes of this review and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.