**Robert A. LEWIS, Petitioner– Appellant,**

v.

**Maryellen THOMS, Respondent– Appellee.**

No. 02–5087.

United States Court of Appeals, Sixth Circuit.

Aug. 14, 2002.

Before: MERRITT and DAUGHTREY, Circuit Judges; WEBER, District Judge.*

ORDER

Robert A. Lewis appeals pro se from a district court judgment that dismissed his habeas corpus petition filed under 28 U.S.C. § 2241. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. *See* Fed. R.App. P. 34(a).

In 1995, a federal jury in the United States District Court for the Southern District of Illinois convicted Lewis of conspiring to distribute and actually distributing cocaine and cocaine base. *See* 21 U.S.C. §§ 841(a)(1) *and* 846. He was sentenced to 292 months of imprisonment, and that sentence was affirmed on direct appeal. *United States v. Lewis,* 117 F.3d 980 (7th Cir.1997).

---

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

Lewis subsequently filed a motion to vacate his sentence under 28 U.S.C. § 2255, alleging that he had been denied his rights to due process and the effective assistance of counsel. The sentencing court in Illinois denied this motion in 1999.

In 2001, Lewis filed a § 2241 petition in the United States District Court for the Eastern District of Kentucky. He primarily alleged that the trial court had violated *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the indictment had not specified the amount of drugs that were attributed to him and because the jury had not made a specific finding on that issue. The district court denied the petition on November 29, 2001, because these claims should have been raised by filing a § 2255 motion with the sentencing court in Illinois. It is from this judgment that Lewis now appeals, moving for leave to proceed as a pauper on appeal.

A *de novo* review of the record shows that the district court was authorized to consider Lewis's § 2241 petition because it had jurisdiction over the warden of the prison where he was incarcerated. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999). However, a § 2241 petition properly challenges the execution of a prisoner's sentence, rather than its imposition. *Id.* at 755–56. Lewis's petition does not meet this test because his claims all challenge the validity of his conviction and sentence. These types of claims are generally not cognizable under § 2241.

Lewis apparently argues that relief was available under § 2241, because § 2255 does not provide an adequate or effective remedy for his claims. *See generally* 28 U.S.C. § 2255, para. 5 (West 2001). However, he has not made a sufficient showing of actual innocence, and § 2255 is not rendered inadequate or ineffective merely because a petitioner has been de-

nied relief under that section, because he may be denied leave to file a second motion to vacate, or because the limitations period has expired. *Charles*, 180 F.3d at 756–58. Thus, Lewis has not shown that he is entitled to relief under § 2241. *See id.* at 757–58.

Lewis also argues that the alleged *Apprendi* violation involved a jurisdictional defect, which can be raised at any time under Fed.R.Crim.P. 12(b)(2). This argument is unpersuasive because it pertains to the jurisdiction of the trial court in Illinois. Therefore, Lewis's jurisdictional argument would properly be raised by filing a motion to vacate his sentence with that court. *See* 28 U.S.C. § 2255, para.1 (West 2001).

Accordingly, Lewis's motion for pauper status is granted for the limited purpose of addressing this appeal and the district court's judgment is affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.