Alfred Eugene SMITH, Petitioner–
Appellant,

v.

George SNYDER, Respondent–Appellee.

No. 02–5427.

United States Court of Appeals,
Sixth Circuit.

Sept. 13, 2002.

Before KRUPANSKY and CLAY,
Circuit Judges; GWIN, District Judge.*

* The Honorable James S. Gwin, United States    District Judge for the Northern District of

Alfred Eugene Smith appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, a jury from the United States District Court for the Western District of North Carolina convicted Smith of conspiring against civil rights in violation of 18 U.S.C. § 241, interfering by force or threat of force with the occupation of a dwelling because of race in violation of 42 U.S.C. § 3631(a), and using fire to commit a federal felony in violation of 18 U.S.C. § 844(h)(1). The district court sentenced him to 81 months of imprisonment. On appeal, the United States Court of Appeals for the Fourth Circuit affirmed his convictions and sentence. *United States v. Smith,* Nos. 97–4662, etc., 1998 WL 633319 (4th Cir. July 17, 1998) (unpublished per curiam). Smith subsequently filed a motion to vacate under 28 U.S.C. § 2255, and the district court denied the motion as untimely.

In 2001, Smith filed his current § 2241 habeas corpus petition in the United States District Court for the Eastern District of Kentucky. Smith alleged in his petition that: 1) his counsel rendered ineffective assistance; 2) the indictment under which he was convicted was defective; and 3) the jury instructions led to an improper constructive amendment of the indictment. The district court concluded that Smith could not challenge his convictions or sentence under § 2241 because he had not shown that his remedy under § 2255 was inadequate or ineffective; therefore, the court dismissed the petition. Smith has filed a timely appeal.

Upon review, we conclude that the district court properly dismissed Smith's § 2241 petition. This court reviews de novo a district court judgment dismissing a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999).

Under highly exceptional circumstances, a federal prisoner may challenge his conviction and sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles,* 180 F.3d at 755–56. The prisoner has the burden to prove that his remedy under § 2255 is inadequate or ineffective. *Charles,* 180 F.3d at 756. Courts have invoked this savings clause essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under the Antiterrorism and Effective Death Penalty Act of 1996. *Id.* at 756–57. Because the petitioner in *Charles* failed to submit a facially valid claim of actual innocence, the court withheld judgment as to whether such a claim would permit a petitioner to have a "second bite at the apple." *Id.* at 757.

■ Smith has not met his burden of proving that his § 2255 remedy is inadequate or ineffective. Smith does not cite to an intervening change in the law or to any extraordinary circumstances which reflect that he may be actually innocent of his crime. Unlike other prisoners who have obtained review of their viable actual innocence claims because they did not have a prior opportunity to present their claims, *see In re Davenport,* 147 F.3d 605, 609, 611 (7th Cir.1998); *Triestman v. United States,* 124 F.3d 361, 363, 378–80 (2d Cir.

Ohio, sitting by designation.

1997); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997), Smith has not presented a viable claim of actual innocence. To support his claim of actual innocence, Smith makes a frivolous argument that the district court lacked jurisdiction over his crimes. In addition to being frivolous, Smith's argument only addresses the allegedly legal insufficiency of his convictions, and he does not demonstrate his factual innocence of the charges. Therefore, his argument is insufficient to meet the requirements for showing "actual innocence." *See Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

Further, Smith's remedy under § 2255 is not deficient for any other reason under the circumstances of this case. The remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner: 1) has been denied relief under § 2255; 2) may be denied permission to file a second or successive motion to vacate; or 3) has allowed the one-year statute of limitations to expire. *Charles*, 180 F.3d at 756–58. The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *Id.* at 758. Smith argues that his rights under the Ex Post Facto Clause were violated because his § 2255 motion was denied as untimely, even though the conduct underlying his convictions occurred prior to the effective date of the § 2255 statute of limitations. However, since the § 2255 statute of limitations did not make criminal a theretofore innocent act, aggravate a crime previously committed, provide a greater punishment, or change the proof necessary to convict, its application to Smith does not violate the Ex Post Facto Clause. *See Seymour v. Walker*, 224 F.3d 542, 560 (6th Cir.2000) (provisions of the Antiterrorism and Effec-

tive Death Penalty Act do not violate habeas petitioner's ex post facto rights).

Accordingly, the court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.