**336**

George **BRUTON**, Appellant

v.

John D. **ASHCROFT**, U.S. Attorney
General and T.C. Peterson,
Warden, Appellees

No. 02–5151.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 4, 2002.

Rehearing En Banc Denied Dec. 4, 2002.

Before GINSBURG, Chief Judge, and
EDWARDS and TATEL, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. The court has determined that the issues presented occasion no need for an opinion. *See* Fed. R.App. P. 36; D.C.Cir. Rule 36(b). It is

**ORDERED AND ADJUDGED** that the district court's judgment filed April 23, 2002, be affirmed. The district court correctly determined that appellant's application for a writ of habeas corpus filed under 28 U.S.C. § 2241 constitutes an attack on the validity of his conviction and sentence, which should be presented to the sentencing court by a motion under 28 U.S.C. § 2255. *See Charles v. Chandler,* 180 F.3d 753, 755–56 (6th Cir.1999) (per curiam). Appellant has not demonstrated that his remedy under § 2255 would be "inadequate or ineffective." 28 U.S.C. § 2255. The § 2255 remedy is not inadequate or ineffective simply because § 2255 relief

has already been denied. *See Charles,* 180 F.3d at 756 (collecting cases).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.