**Juan V. CADERNO, Petitioner–Appellant,**

v.

**Maryellen THOMS, Respondent–Appellee.**

No. 02–5192.

United States Court of Appeals, Sixth Circuit.

Oct. 25, 2002.

Before KEITH and DAUGHTREY, Circuit Judges; and KATZ, District Judge.*

---

### ORDER

Juan V. Caderno, a federal prisoner proceeding pro se, appeals a district court judgment denying his habeas corpus petition filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Caderno is a Cuban national who came to this country as part of the Mariel Boatlift in the early 1980's. He is currently incarcerated at the Federal Medical Center in Lexington, Kentucky serving a federal sentence of 235 months for conspiracy to import cocaine, conspiracy to possess with intent to distribute cocaine, importation of cocaine, and possession with intent to distribute cocaine. His projected release date is May 4, 2007.

On September 26, 2001, Caderno filed his habeas corpus petition claiming that the Bureau of Prisons ("BOP") has violated his equal protection rights by denying him a transfer to a facility closer to his Florida home, while other inmates of similar custody designations and lengths of sentences have been granted such a transfer. The district court denied the habeas petition on the merits. This timely appeal followed.

This court reviews de novo a district court's judgment denying a habeas corpus petition filed under 28 U.S.C. § 2241. *See Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999).

Upon review, we conclude that the district court properly denied Caderno relief under § 2241. The law is well-settled that where the plaintiff's status is not a suspect class for equal protection analysis, the lowest level of scrutiny applies to the defendants' actions. *See Gazette v. City of Pontiac*, 41 F.3d 1061, 1067 (6th Cir.1994) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 445-46, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985)). Prisoners are not a suspect class, nor are classifications of prisoners. *See Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir.1997). Also, transfers and prison assignments are functions wholly within the discretion of the BOP. *See Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Federal inmates do not have a liberty interest in remaining free from discretionary transfers to less agreeable prisons. *Meachum*, 427 U.S. at 225. Inmates have no right to be housed in a particular institution or a particular part of an institution. *See Montanye v. Haymes*, 427 U.S. 236, 242, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir.1986). Therefore, we need only determine whether the defendants' decision was rationally related to a legitimate government interest. *See Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); *Taxpayers United v. Austin*, 994 F.2d 291, 297 (6th Cir.1993).

The defendants' decision not to grant Caderno a transfer was consistent with

---

* The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

their policy and their policy is clearly related to legitimate governmental interests. The relevant Policy Statement ("P.S."), P.S. 5100.6, Security Designation Custody Classification Manual, provides that nearer release transfers are ordinarily granted to inmates who will be returning to the community within, rather than outside, the United States upon release. With release more than five years away, Caderno's request for a transfer does not comport with the usual BOP policy with regard to nearer release transfers just prior to release. Thus, Caderno's equal protection discrimination claim is without a legal basis and was properly dismissed.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.