**Benjamin L. GILES, Jr., Petitioner– Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 02–1972.

United States Court of Appeals, Sixth Circuit.

April 24, 2003.

Before: MOORE and ROGERS, Circuit Judges; and KATZ, District Judge.*

*ORDER*

Benjamin L. Giles, Jr., a pro se federal prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1992, a jury convicted Giles of conspiring to possess with the intent to dis-

* The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

tribute cocaine, cocaine base, and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. Giles's conviction was affirmed on direct appeal. He then filed a motion to vacate pursuant to 28 U.S.C. § 2255. That motion was dismissed as being barred by the one-year statute of limitations contained in § 2255. This court denied Giles a certificate of appealability.

Giles then filed a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b). That motion was denied by the district court and affirmed on appeal. Giles then filed a petition for habeas corpus relief under § 2241 alleging that: 1) the indictment was defective; 2) he was entitled to a special verdict; 3) he is serving a sentence that exceeds the jury's findings; 4) the sentence is beyond that authorized by the jury's findings; and 5) his defense counsel was ineffective. The district court dismissed the petition as meritless.

. In his timely appeal, Giles contends that he is entitled to relief under § 2241 because he did not receive an adequate and effective venue as to his § 2255 motion, that this court did not fully appreciate his § 2255 motion when it denied him a certificate of appealability, and that, if necessary to preserve his arguments on appeal, his § 2241 motion should be construed under Rule 60(b).

The district court's order is reviewed de novo. *See Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999).

The district court properly dismissed Giles's petition. Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id.* at 755–56. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Id.* at 756.

*Charles* concluded that the courts have permitted prisoners to submit claims of actual innocence that would otherwise have been barred under § 2255. *Id.* at 756–57. Because the petitioner had failed to submit a facially valid claim of actual innocence in *Charles,* the court withheld judgment as to whether a claim of actual innocence would permit a petitioner to have a second opportunity for § 2255 relief. *Id.* at 757.

Giles has not satisfied his burden for two reasons. First, Giles does not cite an intervening change in the law which reflects that he may be actually innocent of his crimes. Unlike other prisoners who have obtained review of their claims because they did not have a prior opportunity to present their claims on appeal or in a prior § 2255 motion to vacate, Giles has had opportunities to challenge his conviction and sentence. The district court properly dismissed Giles's § 2241 petition because his asserted claims do not constitute claims of actual innocence. *Id.*

Second, Giles's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. As the court explained in *Charles,* the remedy under § 2255 is not rendered inadequate or ineffective simply because the prisoner has been denied relief under § 2255, because the prisoner may be denied permission to file a second or successive motion to vacate, or because the prisoner has allowed the one-year statute of limitations to expire. *Id.* at 756–58. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Id.* at 758.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.