**Eugene Anthony GESUALE,
Petitioner–Appellant,**

v.

**Linda SANDERS, Respondent–Appellee.**

No. 02–6332.

United States Court of Appeals,
Sixth Circuit.

May 14, 2003.

Before BOGGS and DAUGHTREY, Circuit Judges; and OBERDORFER,

District Judge.*

## ORDER

Eugene Anthony Gesuale, a pro se federal prisoner, appeals a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The government has filed a brief. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1986, Gesuale pleaded guilty to multiple federal drug offenses including participating in a continuing criminal enterprise ("CCE"). His convictions and sentences were affirmed on appeal, and all of Gesuale's post-conviction relief efforts have failed. In his federal habeas corpus petition, Gesuale claims that the Supreme Court's case of *Richardson v. United States*, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), applies to his CCE conviction. The district court denied the petition, concluding that a *Richardson* claim does not create an exception under the savings clause of 28 U.S.C. § 2255. This appeal followed. Gesuale has filed a motion for oral argument and for the appointment of counsel.

We review de novo a district court's order denying a petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999).

Upon review, we conclude that the district court properly denied Gesuale's habeas petition. The general rule is that a petitioner cannot attack the imposition of his federal sentence under § 2241; the petitioner must normally proceed under

§ 2255. 28 U.S.C. § 2255, fifth ¶; *Charles*, 180 F.3d at 755–56. An exception to the general rule exists where the petitioner can show that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the petitioner's detention. 28 U.S.C. § 2255, fifth ¶; *Charles* 180 F.3d at 756. In *Charles*, the court noted that other circuits have recognized an actual innocence exception, based on the Supreme Court case of *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), as the only currently-recognized instance where the § 2255 remedy is inadequate or ineffective. *Charles*, 180 F.3d at 757. Gesuale has cited no authority which would permit his *Richardson* claim to proceed under § 2241. We note that the Fifth Circuit has held that a *Richardson* claim is not the type of defect that can support a § 2241 claim under the savings clause of § 2255. *Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir.), *cert. denied*, 534 U.S. 1001, 122 S.Ct. 476, 151 L.Ed.2d 390 (2001).

Even assuming that a *Richardson* issue can state a claim of actual innocence, Gesuale has not made such a showing. A petitioner must show factual innocence, not mere legal insufficiency, to raise such a claim. *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828; *Charles*, 180 F.3d at 757. Gesuale's claim of actual innocence only addresses the alleged legal insufficiency of his convictions. He does not demonstrate his factual innocence of the charges. At most, Gesuale "is innocent ... only in the technical sense." *In re Davenport*, 147 F.3d 605, 609 (7th Cir.1998). Therefore, his argument is insufficient to meet the requirements for showing "actual innocence." *Bousley*, 523 U.S. at 623; *Charles*, 180 F.3d at 757.

---

* The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

Accordingly, the motion for oral argument and for the appointment of counsel is denied, and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.