Darryl LITTLE, Petitioner–Appellant,

v.

John HEMINGWAY, Warden, Respondent–Appellee.

No. 02–1339.

United States Court of Appeals, Sixth Circuit.

May 27, 2003.

Before COLE, GILMAN, and BRIGHT,* Circuit Judges.

*ORDER*

Darryl Little appeals a district court judgment that dismissed his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a jury trial in the district court in 1992, Little was convicted of two counts of conspiracy to possess with intent to distribute cocaine, aiding and abetting & possession with intent to distribute cocaine within 1000 feet of a school, aiding and abetting & using and carrying a firearm during and in relation to a drug trafficking crime, and possession of a firearm by a convicted felon. Little initially was

---

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

sentenced to a cumulative term of 660 months of imprisonment. This court affirmed Little's convictions on direct appeal, but vacated his sentence and remanded the case to the district court for resentencing because the district court erroneously believed that Little was subject to a mandatory minimum sentence of 30 years of imprisonment rather than 20 years of imprisonment for his possession with intent to distribute cocaine within 1000 feet of a school conviction. *See United States v. Lloyd,* 10 F.3d 1197, 1219 (6th Cir.1993). On remand, the sentence for this conviction was reduced, but Little's cumulative sentence remained unchanged.

In 1996, Little filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in which he alleged that he received ineffective assistance of counsel and that his convictions for using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) should be vacated in light of the Supreme Court's decision in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). The district court vacated Little's § 924(c) convictions and ultimately resentenced Little to 360 months of imprisonment. This court affirmed the district court's judgment on appeal. *United States v. Little,* No. 98–1164, 1999 WL 426883 (6th Cir. June 15, 1999). In 2000, this court denied Little's motion to authorize the district court to consider a second or successive § 2255 motion to vacate sentence.

Next, Little filed the instant § 2241 petition in the district court alleging as grounds for relief: (1) that he is entitled to have his sentence vacated in light of the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); (2) the prosecution withheld evidence favorable to the defense; and (3) that his conviction as a felon in possession of a firearm was improper because he was not a convicted felon at the time of trial. The government moved to strike the petition, and Little responded in opposition. The magistrate judge recommended that the petition be dismissed as meritless, and Little filed objections. The district court adopted the magistrate judge's recommendation and dismissed the petition. Little filed a timely notice of appeal.

On appeal, Little contends that his claims are cognizable in a habeas corpus petition filed under 28 U.S.C. § 2241 because he is actually innocent and because a gross miscarriage of justice otherwise will occur. The government responds that the district court properly dismissed Little's petition. Upon de novo review, *see Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999), we will affirm the judgment for the reasons stated in the magistrate judge's report and recommendation filed January 24, 2002, and adopted by the district court by its order filed February 22, 2002. Essentially, Little's claims are not cognizable in a petition filed under 28 U.S.C. § 2241. *See Charles,* 180 F.3d at 755–56.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.