UNITED STATES of America,
Plaintiff–Appellee,

v.

Prince Albert RANKIN, III,
Defendant–Appellant.

No. 03–3893.

United States Court of Appeals,
Sixth Circuit.

Feb. 2, 2004.

Robert Brichler, Cincinnati, OH, for Plaintiff-Appellee.

Prince Albert Rankin, III, Cumberland, MD, for Defendant-Appellant.

Before DAUGHTREY and COLE, Circuit Judges; and POLSTER, District Judge.*

### ORDER

Prince Albert Rankin, III. appeals pro se from a district court judgment that denied a post-sentence motion to withdraw his guilty plea. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1994, Rankin pled guilty to conspiring to distribute cocaine and to possessing cocaine for intended distribution. *See* 18 U.S.C. § 2,21 U.S.C. §§ 841(a)(1) *and* 846. He was sentenced to 235 months of imprisonment, and that sentence was affirmed on direct appeal. In addition, Rankin has filed several unsuccessful post-conviction actions under 28 U.S.C. §§ 2244 and 2255.

In 2003. Rankin moved to withdraw his guilty plea under a newly amended version of Fed.R.Crim.P. 11(e). That Rule now provides as follows:

> (e) Finality of a Guilty or Nolo Contendere Plea. *After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack.*

Fed.R.Civ.P. 11 (amended eff. Dec. 1, 2002) (emphasis added). Rankin alleged that the withdrawal of his plea was warranted because his agreement to plead guilty to both counts of the indictment had been induced by a promise to transfer his case to another judge. The district court denied the motion on January 29, 2003, and it is from this judgment that Rankin now appeals.

Rankin apparently argues that relief is available because Rule 11(e) now allows a guilty plea to be set aside on "collateral attack." This argument is unpersuasive because a defendant may not withdraw a plea of guilty after sentence is imposed and because Rankin has not identified the type of collateral proceeding under which he seeks relief.

We note that Rankin must show that the filing of a motion under 28 U.S.C. § 2255 would be "inadequate or ineffective" to test the validity of his plea, before he may seek any other type of collateral relief. 28

---

* The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

U.S.C. § 2255, para. 5 (West 2003). The remedy available under § 2255 is not made inadequate or ineffective simply because he has been denied relief under that section, because he may be denied permission to file a second or successive § 2255 motion, or because he has allowed the one-year limitations period to expire. *See Charles v. Chandler,* 180 F.3d 753, 756–58 (6th Cir.1999). Thus, Rankin may not raise his current claim in any other type of collateral action, as he has not met his burden of showing that it cannot be effectively tested under § 2255.

Rankin's motion could have been liberally construed as an application for leave to file a second or successive § 2255 motion. However, such an application would be unavailing because he has not shown that his proposed claims are based on newly discovered evidence that clearly shows his innocence or on a previously unavailable rule of constitutional law that the Supreme Court has made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2244(b)(2).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.